IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| ALTAMAHA RIVERKEEPER and ONE HUNDRED MILES<br><br>    Plaintiffs,<br><br>    v.<br><br>THE UNITED STATES ARMY CORPS OF ENGINEERS et al.,<br><br>    Defendants. | Docket No. 4:18-cv-00251- JRH -JEG |

**PLAINTIFFS' MOTION FOR EXPEDITED CONSIDERATION**

This case challenges a permit issued by the U.S. Army Corps of Engineers to Sea Island Acquisition LLC (d.b.a. Sea Island Company), allowing the company to construct a 350-foot long T-head groin on the Sea Island Spit and to dredge and pump between 1,315,000 and 2,500,000 cubic yards of sand from an offshore source to the Sea Island beach. On October 31, 2018, the same day Plaintiffs filed their Complaint, Plaintiffs also filed a Motion for Preliminary Injunction, ECF No. 5. In that Motion, Plaintiffs explained that they would suffer an irreparable injury absent preliminary relief.[1]

Among other things, the proposed project will harm the sand-sharing system, trigger accelerated erosion, and may cause the Spit to break apart—none of which could be compensated for with money damages. The proposed project is also likely to harm federally

---

[1] As the Supreme Court has acknowledged, "[e]nvironmental injury, by its nature, can seldom be adequately remedied by money damages and is often permanent or at least of long duration, i.e., irreparable. If such injury is sufficiently likely, therefore, the balance of harms will usually favor the issuance of an injunction to protect the environment." *Amoco Production Co. v. Village of Gambell*, 480 U.S. 531, 545 (1987); *see also U.S. v. Jenkins*, 714 F. Supp. 2d at 1221-22 (noting that "a court may more readily find that an environmental injury is 'irreparable'").

1

threatened and endangered wildlife, as well as essential fish habitat and other non-listed wildlife—again, none of which could be compensated for with money damages.

The permit allowed Sea Island Acquisition to begin construction of the T-head groin on November 1, 2018, following the conclusion of sea turtle nesting season. On November 13, counsel for Sea Island indicated to Plaintiffs that Sea Island had begun construction of the T-head groin. On November 19, a representative of Plaintiffs traveled to Sea Island to observe the extent of the construction, taking the photograph below.



Photograph taken November 19, 2018 showing ongoing construction of T-head groin

Despite the ongoing harm, Sea Island has pushed to delay briefing of Plaintiffs' Motion for Preliminary Injunction even further, in an apparent effort to delay the resolution of Plaintiffs' Motion until after the T-head groin has been constructed.

Given the ongoing and irreparable harm suffered by Plaintiffs, as well as the Proposed Intervenors' attempt to further delay the resolution of Plaintiffs' Motion, Plaintiffs request

expedited consideration of their Motion for Preliminary Injunction, ECF No. 5, and, if it would be helpful to the Court, a hearing on this matter.

Respectfully submitted this 20th day of November, 2018.

**SOUTHERN ENVIRONMENTAL LAW CENTER**

/s/ *William W. Sapp*
William W. Sapp
Georgia Bar No. 626435
Megan Hinkle Huynh
Georgia Bar No. 877345
*Admitted pro hac vice*
Bob Sherrier
Georgia Bar No. 979890
*Pro hac vice motion forthcoming*
Ten 10th Street NW, Suite 1050
Atlanta, Georgia 30309
Phone: (404) 521-9900
Fax: (404) 521-9909
bsapp@selcga.org
mhuynh@selcga.org
bsherrier@selcga.org

*Counsel for Plaintiffs*

## **CERTIFICATE OF SERVICE**

I certify that on November 20, 2018, I electronically filed the foregoing *Motion for Expedited Consideration* with the Clerk of Court using the CM/ECF system.

/s/ *William W. Sapp*
