IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| ALTAMAHA RIVERKEEPER and ONE HUNDRED MILES<br><br>    Plaintiffs,<br><br>    v.<br><br>THE UNITED STATES ARMY CORPS OF ENGINEERS et al.,<br><br>    Defendants. | Docket No. 4:18-cv-00251-JRH-JEG |

## RESPONSE TO SEA ISLAND ACQUISITION, LLC's MOTION TO INTERVENE

As conveyed to Sea Island Acquisition, LLC's counsel, Plaintiffs do not object to Sea Island's intervention in the case. Sea Island has a clear interest in the case and Plaintiffs do not dispute that the company is entitled to be involved in the resolution of this matter.

Plaintiffs have a Motion for Preliminary Injunction pending, however, and Sea Island's counsel has told Plaintiffs that work is well underway on the project that Plaintiffs seek to enjoin. As a result, Plaintiffs indicated to Sea Island's counsel verbally and in writing on November 13 that Sea Island may state to the Court that "Plaintiffs consent to Sea Island's Motion to Intervene so long as Sea Island's intervention would not delay the briefing of the Plaintiffs' Motion for Preliminary Injunction." Plaintiffs believed that this approach would ensure that Sea Island could intervene as quickly as possible, but at the same time not slow down the existing briefing schedule and allow further time for construction of the project. Understanding that Sea Island desired to be heard on Plaintiffs' Motion for Preliminary Injunction, Plaintiffs suggested that Sea Island include a proposed response with its Motion to Intervene so that all responses would be submitted by the November 19 deadline. In the alternative, Plaintiffs told Sea Island that they

1

would agree to an extension to the briefing schedule if Sea Island would halt ongoing work on the project during the extension period, which they would not.

Plaintiffs believe these options were more than reasonable. Anticipating that Sea Island might seek to intervene, Plaintiffs emailed Sea Island a courtesy copy of the Complaint and Motion for Preliminary Injunction on October 31, five days before the *Defendants* received service by certified mail.  In other words, Sea Island has known about Plaintiffs' Complaint and Motion for Preliminary Injunction for well over two weeks—more than the amount of time allotted for a response under the Local Rules. They now seek even more time, allowing them to continue construction of the project under the guise of a briefing extension. The Court should not allow such gamesmanship.

Plaintiffs therefore submit this response to indicate that they consent to Sea Island's Motion to Intervene and object to Sea Island's Motion for an Extension of Time, and to request that the Court not consider any response submitted after November 19, 2018, the original deadline for Defendants to respond to Plaintiffs' Motion. If Sea Island wanted to respond, they should have submitted a response by the deadline like the Government Defendants were required to do.

Respectfully submitted this 20th day of November, 2018.

**SOUTHERN ENVIRONMENTAL LAW CENTER**

/s/ *William W. Sapp*
William W. Sapp
Georgia Bar No.  626435
Megan Hinkle Huynh
Georgia Bar No. 877345
*Admitted pro hac vice*
Bob Sherrier
Georgia Bar No. 979890
*Pro hac vice motion forthcoming*
Ten 10th Street NW, Suite 1050
Atlanta, Georgia 30309
Phone: (404) 521-9900
Fax: (404) 521-9909
bsapp@selcga.org
mhuynh@selcga.org
bsherrier@selcga.org

*Counsel for Plaintiffs*

## CERTIFICATE OF SERVICE

I certify that on November 20, 2018, I electronically filed the foregoing *Response to Sea Island Acquisition, LLC's Motion to Intervene* with the Clerk of Court using the CM/ECF system.

/s/ *William W. Sapp*