IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| ALTAMAHA RIVERKEEPER and ONE HUNDRED MILES,<br><br>    Plaintiffs,<br><br>v.<br><br>THE UNITED STATES ARMY CORPS OF ENGINEERS; Lieutenant General TODD T. SEMONITE, in his official capacity as Commanding General of the U.S. Army Corps of Engineers; Colonel DANIEL HIBNER in his official capacity as District Commander of the Savannah District; and TUNIS McELWAIN, in his official capacity as Chief of the Regulatory Branch of the U.S. Army Corps of Engineers,<br><br>    Defendants,<br><br>and<br><br>SEA ISLAND ACQUISITION, LLC,<br><br>    Applicant for Intervention. | Civil Action No.<br>4:18-cv-00251-JRH-JEG |

**APPLICANT FOR INTERVENTION SEA ISLAND ACQUISITION, LLC'S
MOTION FOR EVIDENTIARY HEARING ON
<u>PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION</u>**

Applicant for Intervention Sea Island Acquisition, LLC ("Sea Island") hereby submits this Motion for Evidentiary Hearing on Plaintiffs' Motion for Preliminary Injunction, showing the Court as follows:

    1.    On September 11, 2018, the U.S. Army Corps of Engineers ("Corps") issued Permit #SAS-2015-00742 ("Permit") to Sea Island, authorizing it to construct a new, tapered groin south of the existing south groin on Sea Island and to carry out an extensive beach

nourishment project that would place between 1,315,000 and 2,500,000 cubic yards of sand along roughly three (3) miles of Sea Island shoreline.

2.      Some seven weeks later, on October 31, 2018, Plaintiffs filed a Complaint challenging this Permit. At that same time, Plaintiffs filed a Motion for Preliminary Injunction. Plaintiffs did not at that time ask for a temporary restraining order nor request expedited consideration of its motion for preliminary injunction.

3.      On October 16, 2018, just two weeks following the initiation of this lawsuit, and before any legally significant proceedings had taken place, Sea Island filed its Motion to Intervene. That Motion remains pending. Both the Federal Defendants and Plaintiffs have now stated that they do not object to Sea Island's intervention.[1]

4.      On November 20, 2018, ten weeks after the Corps first issued the Permit, and almost three weeks after the date on which Sea Island was authorized to commence work under the Permit, Plaintiffs filed a Motion for Expedited Consideration. With this request, Plaintiffs ask that the Court expedite its consideration of the briefs "and, if it would be helpful to the Court, a hearing on this matter."

5.      While not yet formally a party to this matter, Sea Island submits this Motion to make clear for the record that while it has no objection to expedited consideration, it does believe that a hearing should be held before the Court makes a decision on Plaintiffs' motion for preliminary injunction. Further, Sea Island requests that it be afforded the opportunity to present testimony and other evidence demonstrating the significant and irreparable harm that it would suffer should Plaintiffs' extraordinary request be granted.

---

[1] However, Plaintiffs take the position that Sea Island should not be afforded any time to file a response to the injunction motion once intervention is presumably granted.

6. As set forth in greater detail in its Motion to Intervene, Sea Island's interests in this case are considerable. The value of The Reserve alone (the upland property that will be protected by the new, tapered groin) has been estimated at over $30 million. Moreover, if granted, a preliminary injunction would threaten Sea Island's ability to protect the entire developed Sea Island shoreline. The consequences of even a temporary construction delay would be enormous. Accordingly, Sea Island must be afforded a full and fair opportunity to defend its rights under the Permit and to inform the Court of the consequences of Plaintiffs' request.

7. Sea Island acknowledges, of course, that any evaluation of the merits of Plaintiffs' substantive claims in this Administrative Procedure Act ("APA") case is strictly limited to the Administrative Record. 5 U.S.C. § 706. Despite this general rule, parties in Sea Island's circumstances are allowed to present extra-record evidence demonstrating the irreparable harm that would result from the issuance of preliminary injunctive relief. *See, e.g.*, *Pollgreen v. Morris*, 770 F.2d 1536, 1545 (11th Cir. 1985) (holding in an appeal under the APA that while judicial review of agency action "is limited to the record compiled before the agency," the district court below had "properly received testimony necessary to its determination on the preliminary injunction"); *Sierra Club v. U.S. Army Corps of Eng'rs*, 399 F. Supp. 2d 1335, 1336 (M.D. Fla. 2005), *order vacated in part on other grounds*, 464 F. Supp. 2d 1171 (M.D. Fla. 2006), *aff'd*, 508 F.3d 1332 (11th Cir. 2007) (evidence outside administrative record permitted in preliminary injunction context "where, for example, proof of irreparable harm is an issue separate from the merits").

8. Indeed, in order for the Court to fully appreciate the significance of the resulting harms, Sea Island maintains that such a hearing is not just appropriate but necessary. *See, e.g.*, Steven Stark & Sarah Wald, *Setting No Records: The Failed Attempts to Limit the Record in*

*Review of Administrative Action*, 36 Admin. L. Rev. 333, 353 (1984) ("In cases where plaintiffs seek injunctive relief, they must prove irreparable harm to their interests and that the issuance of the injunction is in the public interest. But since injunctive relief is usually not an issue in the administrative proceedings below, there usually will be no administrative record developed on these issues. Accordingly it will often be necessary for a court to take new evidence in order to fully evaluate these issues.").

9. For that reason, Sea Island would be willing to move quickly to participate in such a hearing at the Court's convenience. In addition, should the parties and the Court be interested, Sea Island would be willing to assist with scheduling a site visit to view the affected area of over three (3) miles of oceanfront.

Based on the foregoing, Sea Island respectfully requests that the Court schedule an evidentiary hearing to address Plaintiffs' Motion for Preliminary Injunctive Relief and that Sea Island be allowed to present testimony and other evidence at that hearing.

| HALL BOOTH SMITH, P.C. | KING & SPALDING LLP |
|---|---|
| JAMES B. DURHAM<br>   Georgia Bar No. 235526<br>3528 Darien Highway, Suite 300<br>Brunswick, Georgia 31525<br>Phone: (912) 554-0093<br>Fax:   (912) 554-1973<br>Email: jdurham@hallboothsmith.com | /s/ Patricia T. Barmeyer<br>PATRICIA T. BARMEYER<br>   Georgia Bar No. 038500<br>RANDY J. BUTTERFIELD<br>   Georgia Bar No. 100120<br>   (appearing *Pro Hac Vice*)<br>1180 Peachtree Street<br>Atlanta, Georgia 30309-3521<br>Phone: (404) 572-4600<br>Fax:   (404) 572-5137<br>Email: pbarmeyer@kslaw.com<br>          rbutterfield@kslaw.com |

*Attorneys for Sea Island Acquisition, LLC*

## **CERTIFICATE OF SERVICE**

  This is to certify that I have this day served a true and correct copy of the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record in this matter:

  DATED:  November 21, 2018.

                <u>/s/ Patricia T. Barmeyer</u>
                PATRICIA T. BARMEYER
                  Ga. Bar No. 038500
                KING & SPALDING LLP