JEAN E. WILLIAMS
Deputy Assistant Attorney General
DEDRA S. CURTEMAN
MARTHA C. MANN
U.S. Department of Justice
Environment and Natural Resources Division
P.O. Box 7611
Washington, DC 20044
(202) 305-0446 (Curteman)
(202) 514-2664 (Mann)
dedra.curteman@usdoj.gov
martha.mann@usdoj.gov

*Attorneys for Defendants*

## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF GEORGIA
## SAVANNAH DIVISION

| | |
|---|---|
| ALTAMAHA RIVERKEEPER and ONE HUNDRED MILES, <br><br> Plaintiffs, <br><br> v. <br><br> UNITED STATES ARMY CORPS OF ENGINEERS, et al., <br><br> Defendants. | Case No. 4:18-cv-00251-JRH-JEG |

### UNITED STATES ARMY CORPS OF ENGINEERS' RESPONSE
### TO AMENDED MOTION FOR PRELIMINARY INJUNCTION

The United States Army Corps of Engineers ("Corps") opposes Plaintiffs' amendment of its motion for preliminary injunction, in which Plaintiffs alternatively seek a temporary restraining order.  ECF No. 21.  The Corps previously responded in opposition to Plaintiffs' motion for preliminary injunction.  ECF No. 13.  There, the Corps explained why the extraordinary relief of a preliminary injunction is not warranted, and the Corps incorporates

those arguments herein.  For the reasons set forth in the Corps' opposition, and the following reasons, the Court should not grant the alternative relief of a temporary restraining order.

Plaintiffs have not met the requirements of Federal Rule of Civil Procedure 65(b).  Rule 65(b) authorizes the issuance of a temporary restraining order only "in extraordinary situations," *United States v. Kaley*, 579 F.3d 1246, 1264 (11th Cir. 2009), and only where the requirements of Rule 65(b)(1) are met.  Specifically, a movant must provide the Court with "specific facts in an affidavit or a verified complaint" that "clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition." Fed. R. Civ. P. 65(b)(1).  Plaintiffs did not file any affidavit in support of their motion for preliminary injunction (ECF No. 5), or in support of their amended motion seeking a temporary restraining order (ECF No. 21).  And Plaintiffs have not pointed the Court to "specific facts" in their complaint regarding the immediate and irreparable injury they will allegedly suffer if a temporary restraining order is not granted.  *See Thomas-McDonald v. Shinseki*, No. CV 113-050, 2013 WL 12121316, at *1 (S.D. Ga. Apr. 3, 2013) (denying request for temporary restraining order based in part on a lack of "specific facts showing . . . immediate and irreparable harm").

As discussed in the Corps' opposition to the motion for preliminary injunction, Plaintiffs claims of harm are focused only on one portion of the permitted Project (construction of the groin), and do not consider the impacts of the Project in totality.  *See* ECF No. 13 at 25 (citing Plaintiffs' motion for preliminary injunction, ECF No. 5 at 16-20).  Moreover, as with the preliminary motion, Plaintiffs provide no projection of when such harms will occur.  ECF No. 13 (Corps' Opp'n) at 24.  In their reply, Plaintiffs assert that they "specifically state that the proposed project will harm the sand-sharing system, trigger accelerated erosion, harm wildlife, and may cause the Spit to break apart—none of which could be adequately compensated with money damages." ECF No. 17 at 9.  But Plaintiffs provide no specific facts as to the imminence of the harms they assert, and it would be impossible for the Court to make a finding of immediate, irreparable harm based on the complaint and filings provided by Plaintiffs.  *See*

2

Fed.R.Civ.P. 65(d) (requiring that an order granting a preliminary injunction or temporary restraining order "state the reasons why it issued").

At the time Plaintiffs filed their complaint and motion for preliminary injunction on October 31, they were aware that the Permit authorized activities to begin the following day. Plaintiffs did not seek expedited consideration of its motion at that time. Plaintiffs later sought expedited consideration of their motion, which the Corps has not opposed. Where Plaintiffs have already sought urgent and extraordinary relief, and expedited consideration of their request, it is unclear why they are now seeking a temporary restraining order. In any event, they have failed to show that a temporary restraining order—or a preliminary injunction—should be granted.

| | |
|---|---|
| Respectfully submitted December 3, 2018 by | JEAN E. WILLIAMS<br>Deputy Assistant Attorney General<br><br>*s/ Martha C. Mann*<br>DEDRA S. CURTEMAN<br>MARTHA C. MANN<br>United States Department of Justice<br>Environment and Natural Resources Division<br>P.O. Box 7611, Washington, D.C. 20044 |
| *Of Counsel*<br>JOHN E. BALLARD<br>Assistant District Counsel<br>United States Army Corps of Engineers | (202) 305-0446 (Curteman)<br>(202) 514-2664 (Mann)<br>dedra.curteman@usdoj.gov<br>martha.mann@usdoj.gov<br>*Counsel for the U.S. Army Corps of Engineers*<br><br>BOBBY L. CHRISTINE<br>UNITED STATES ATTORNEY<br><br>*s/ Bradford C. Patrick*<br>Bradford C. Patrick<br>Assistant United States Attorney<br>South Carolina Bar No. 102092<br>U.S. Attorney's Office<br>Post Office Box 8970<br>Savannah, Georgia 31412<br>(912) 652-4422<br>bradford.patrick@usdoj.gov |