## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF GEORGIA
## SAVANNAH DIVISION

| | |
|---|---|
| ALTAMAHA RIVERKEEPER, ONE HUNDRED MILES, and CENTER FOR A SUSTAINABLE COAST, INC., | |
| Plaintiffs, | |
| v. | |
| THE UNITED STATES ARMY CORPS OF ENGINEERS; Lieutenant General TODD T. SEMONITE, in his official capacity as Commanding General of the U.S. Army Corps of Engineers; Colonel DANIEL HIBNER in his official capacity as District Commander of the Savannah District; and TUNIS McELWAIN, in his official capacity as Chief of the Regulatory Branch of the U.S. Army Corps of Engineers, | Docket No. 4:18-cv-00251-JRH-JEG |
| Defendants, | |
| and | |
| SEA ISLAND ACQUISITION, LLC, | |
| Intervenor Defendant. | |

## ANSWER OF SEA ISLAND ACQUISITION, LLC

Intervenor-Defendant Sea Island Acquisition, LLC ("Sea Island") responds

to the allegations contained in the corresponding numbered paragraphs in the

Complaint for Declaratory and Injunctive Relief filed by Altamaha Riverkeeper and One Hundred Miles (collectively, "Plaintiffs") as follows:

## RESPONSE TO ALL ALLEGATIONS OF THE COMPLAINT

Sea Island denies each and every allegation of the Complaint not otherwise admitted, denied, or neither admitted nor denied for lack of knowledge or information sufficient to form a belief as to the truth of the allegations. To the extent that the headings in the Complaint contain factual allegations that require a response, the headings are denied.

1. Paragraph 1 purports to characterize Plaintiffs' pleading, and no response to such assertions is required. Sea Island denies that Plaintiffs have stated a viable claim under any of the provisions cited.

2. Sea Island admits that the Permit authorizes (a) construction of a new T-head groin in front of The Reserve at Sea Island, (b) dredging of between 1,315,000 and 2,500,000 cubic yards of sand from an offshore source, and (c) nourishment of more than 17,000 linear feet of beach on Sea Island; Sea Island further notes that the Permit contains many additional provisions and conditions. The remaining allegations in Paragraph 2 are denied.

3.      Paragraph 3 purports to characterize Plaintiffs' pleading and related motion, and no response to such assertions is required. Sea Island denies that Plaintiffs are entitled to any of the relief requested.

## JURISDICTION AND VENUE

4.      Paragraph 4 purports to characterize Plaintiffs' pleading, and no response to such assertions is required. Sea Island denies that Plaintiffs have stated a viable claim under any of the provisions cited.

5-6.    Denied.

7.      To the extent Plaintiffs raise any legally cognizable claims, which Sea Island denies, venue is proper in this Court.

## PARTIES

8-13.   Sea Island lacks sufficient information to form an opinion as to the truth of the allegations in Paragraphs 8-13 and so denies the same.

14.     Denied.

15-19.  Sea Island lacks sufficient information to form an opinion as to the truth of the allegations in Paragraphs 15-19 and so denies the same.

20.     Denied.

21.     Sea Island admits that the defendant U.S. Army Corps of Engineers ("Corps") is an agency within the United States Department of Defense and that

3

there is a Savannah District of the Corps of Engineers. The remaining allegations of Paragraph 21 constitute conclusions of law to which no response is required.

22.    The first sentence of Paragraph of 22 is admitted.  The second sentence of Paragraph 22 is a conclusion of law to which no response is required.

23.    The first sentence of Paragraph of 23 is admitted. Sea Island is without sufficient information to form a belief as to the truth of the allegations of the second sentence of Paragraph 23. The third sentence of Paragraph 23 is a conclusion of law to which no response is required.

24.    The first sentence of Paragraph of 24 is denied. The second sentence of Paragraph 24 is a conclusion of law to which no response is required.

## FACTUAL AND PROCEDURAL BACKGROUND

25.    Admitted.

26.    Sea Island admits that the southernmost portion of the Island has not been developed and that it provides habitat for some state and federally protected turtles and shorebirds; all other allegations in Paragraph 26 are denied. Sea Island further avers that in 2015 it conveyed to the St. Simons Land Trust a Conservation Easement to protect the southernmost portion of the Island from further development.

4

27.     Sea Island admits that the southernmost portion of the Island is sometimes visited by residents of Sea Island, visitors to Sea Island, and others, and that the area is used for paddling, surfing, bird-watching, and walking, and that this portion of Sea Island is subject to a Conservation Easement as noted in response to Paragraph 26. All other allegations of Paragraph 27 are denied.

28.     Sea Island admits that it is a privately-held resort and real estate company and that The Reserve development is located north of the Conservation Easement boundary; all other allegations of Paragraph 28 are denied.

29.     The October 9, 2015 permit application is in the Administrative Record to be compiled by the Corps, and the document speaks for itself. Sea Island admits that the lengthy application included a request for authorization to construct a T-head groin, to construct dunes, and to nourish approximately 1,200 linear feet of beach between the existing south groin and the proposed new groin. All remaining allegations of Paragraph 29 are denied.

30.     The allegations of Paragraph 30 are denied as stated. The October 9, 2015 permit application states the purpose of the project as proposed was to stabilize the eroding beach south of the existing south groin and to provide storm protection to the adjacent upland.

31.    Sea Island admits that there are currently no houses located at The Reserve and that no lots have yet been sold; the remaining allegations of Paragraph 31 are denied.

*Background on Groins*

32.    Sea Island admits that a groin, in coastal engineering terms, is a hard structure often constructed of rock or steel built perpendicular to the beach. Sea Island denies the remaining allegations of Paragraph 32.

33.    Denied.

34.    Sea Island admits that groins, if not properly designed and constructed, can have negative effects in certain circumstances. Sea Island denies the remaining allegations of Paragraph 34.

35.    Sea Island admits that groins, if not properly designed and constructed, can have negative effects to wildlife in certain circumstances. Sea Island denies the remaining allegations of Paragraph 35.

36.    Sea Island denies the allegations of Paragraph 36 as stated and as applied to this project.

37.    Sea Island denies the allegations of Paragraph 37 as stated and as applied to this project.

38.    Sea Island denies the allegations of Paragraph 38 as stated and as applied to this project.

39.    The Corps' Coastal Engineering Manual is a lengthy and technical document that speaks for itself. Sea Island denies that the quoted language, which has been taken out of context, is applicable to this project and therefore denies the allegations of Paragraph 39. Sea Island further avers that the Corps' Coastal Engineering Manual explains that "[m]odern coastal engineering practice is to combine beach nourishment with groin construction to permit sand to immediately begin to bypass the groin field." Coastal Engineering Manual at V-3-59-61.

40.    Denied.

41.    Sea Island is without sufficient information to form an opinion as to the truth of the allegations of Paragraph 41 and so denies the same.

*Public and Agency Opposition to the Groin*

42.    Denied.

43-45.  Denied as stated.

46.    Admitted. Sea Island further avers that the Georgia Department of Natural Resources Wildlife Resources Division's Nongame Conservation Section ("WRD") filed no objection to the revised application that led to the Permit that is at issue in this litigation.

47.    Admitted. Sea Island further avers that the United States Fish & Wildlife Service ("USFWS") did not recommend denial of the revised application which led to the Permit that is at issue in this litigation.

*Consultation with the National Marine Fisheries Service*
*and the U.S. Fish & Wildlife Service*

48-50.  Admitted.

51.    Sea Island admits that the original 2015 Biological Assessment noted that the project as originally proposed did not include an offshore borrow area; Sea Island denies the remaining allegations of Paragraph 51. Sea Island further avers that a "Supplemental Biological Assessment and Essential Fish Habitat Assessment" was submitted in connection with the revised application in March 2018, which fully addressed issues relating to offshore dredging.

52.    Sea Island admits that the original 2015 Biological Assessment noted that the project was of limited size; Sea Island denies the remaining allegations of Paragraph 52. Sea Island further avers that a "Supplemental Biological Assessment and Essential Fish Habitat Assessment" was submitted in connection with the revised application in March 2018, which fully addressed issues relating to the increased size of the beach nourishment project.

53.     Sea Island admits that the USFWS and the National Marine Fisheries Service ("NMFS") concurred with the effects determination on the 1,200 foot portion of the project; Sea Island denies the remaining allegations of Paragraph 53.

*Sea Island's Revised Permit Application*

54.     Admitted.

55.     Sea Island admits that two major hurricanes, Matthew and Irma, severely eroded the beach and dunes in the area of The Reserve and further south.

56.     Admitted.

57.     Sea Island admits that on March 6, 2018, it submitted a Supplemental Project Description, adding offshore dredging of between 1,315,000 and 2,500,000 cubic yards of sand and placement of beach nourishment sand along up to 17,700 linear feet of shoreline, in addition to the original request to construct a new groin. Sea Island denies the remaining allegations of Paragraph 57.

58.     Sea Island admits that the Supplemental Project Description proposed use of a hydraulic cutterhead dredge to dredge the offshore sand and admits that an onshore sand source would not be sufficient for the revised beach nourishment project; Sea Island denies the remaining allegations of Paragraph 58.

59.     Sea Island admits that the Supplemental Project Description also proposed periodic recycling and management of the renourished beach, as appropriate; Sea Island denies the remaining allegations of Paragraph 59.

60.     Admitted. Sea Island further avers that neither the Plaintiffs nor any other responder submitted any comment opposing the offshore dredging with cutterhead dredge or the nourishment of the beach.

61.     Sea Island admits that the Plaintiffs filed comments regarding the October 2015 application and the March 2018 Supplemental Project Description; Sea Island denies that Plaintiffs commented on the direct, indirect, or cumulative impacts of the offshore dredging or beach nourishment aspects of the proposed project, and further denies any remaining allegations of Paragraph 61.

62-63.  Denied.

*The Supplemental Biological Assessment*

64.     Admitted.

65.     Sea Island admits that the 2018 Supplementary Biological Assessment and Essential Fish Habitat Assessment, based on a careful review of all impacts, concluded that "all potential effects from the project are discountable, insignificant, or beneficial, and therefore the proposed action is not likely to adversely affect listed species in the project area."

10

66.     Sea Island admits the first sentence of Paragraph 66. Sea Island admits that the second and third sentences in Paragraph 66 quote from the referenced letter but further avers that the selective quotes, out of context, do not accurately convey the import of the letter. The letter is in the Administrative Record and speaks for itself.

67.     Sea Island admits that the first sentence in Paragraph 67 quotes from the referenced letter but further avers that the selective quote, out of context, does not accurately convey the import of the letter; Sea Island denies the remaining allegations of Paragraph 67. The letter is in the Administrative Record and speaks for itself.

68.     Sea Island admits that the Corps concluded that no additional formal consultation with NMFS was necessary; Sea Island denies the remaining allegations of Paragraph 68.

*The Permit and the NEPA Documents*

69-70.  Denied.

71.     Sea Island admits the Environmental Assessment concluded there would be no significant impact from the project; Sea Island denies the remaining allegations of Paragraph 71.

## LEGAL FRAMEWORK

### *Clean Water Act*

72-82.  Paragraphs 72 through 82 consist of conclusions of law to which no response is required.

### *National Environmental Policy Act*

83-91.  Paragraphs 83 through 91 consist of conclusions of law to which no response is required.

## STANDARD OF REVIEW

92-97.  Paragraphs 92 through 97 consist of conclusions of law to which no response is required.

## CLAIMS FOR RELIEF

*Footnote 2.  The allegations contained in Footnote 2 purport to characterize a letter sent by Plaintiffs to the Corps, and no response to such assertions is required. To the extent a response is required, Sea Island admits that after NMFS had concurred with the original proposed project, Sea Island supplemented its original application to seek, among other things, to nourish over 17,000 linear feet of beach on Sea Island and to dredge up to 2.5 million cubic yards of sand from offshore using a hydraulic cutterhead dredge. The first and final sentences of

Footnote 2 consist of conclusions of law to which no response is required. Sea Island denies any remaining allegations of Footnote 2.

*Claim One*

98.    Sea Island incorporates by reference its responses to the allegations contained in the preceding paragraphs.

99-100.  Paragraphs 99 through 100 consist of conclusions of law to which no response is required.

101-102.  Denied.

*Claim Two*

103.  Sea Island incorporates by reference its responses to the allegations contained in the preceding paragraphs.

104-106.  Paragraphs 104 through 106 consist of conclusions of law to which no response is required.

107-108.  Denied.

*Claim Three*

109.  Sea Island incorporates by reference its responses to the allegations contained in the preceding paragraphs.

110.  Paragraph 110 consists of conclusions of law to which no response is required.

111-112.  Denied.

*Claim Four*

113.  Sea Island incorporates by reference its responses to the allegations contained in the preceding paragraphs.

114.  Paragraph 114 consists of conclusions of law to which no response is required.

115-117.  Denied.

## PRAYER FOR RELIEF

Sea Island denies Plaintiffs are entitled to any of their Prayers for Relief.

## AFFIRMATIVE DEFENSES

### *First Affirmative Defense*

The Complaint should be dismissed for failure to state a claim upon which relief can be granted.

### *Second Affirmative Defense*

The Complaint should be dismissed because Plaintiffs lack standing to raise some or all of their claims.

### *Third Affirmative Defense*

Plaintiffs have failed to exhaust their administrative remedies on issues not presented to the Corps of Engineers during the public notice and comment process.

### *Fourth Affirmative Defense*

The Complaint should be dismissed because the Permit was issued in compliance with all applicable substantive and procedural requirements.

WHEREFORE, Sea Island denies that Plaintiffs are entitled to any relief whatsoever and prays for judgment as follows:

A.    Dismissing Plaintiffs' Complaint for Declaratory and Injunctive Relief with prejudice;

B.    Awarding Sea Island its costs for defending this action, including reasonable attorneys' fees; and

C.    Such other and further relief that this Court deems just and proper.

Respectfully submitted, this __19th__ day of December, 2018.

**HALL BOOTH SMITH, P.C.**

  */s/ James B. Durham*  
JAMES B. DURHAM  
  Georgia Bar No. 235526  
STEPHANIE R. McDONALD  
  Georgia Bar No. 274946  
3528 Darien Highway, Suite 300  
Brunswick, Georgia 31525  
Phone: (912) 554-0093  
Fax:    (912) 554-1973  
Email: *jdurham@hallboothsmith.com*  
     *smcdonald@hallboothsmith.com*

**KING & SPALDING LLP**

PATRICIA T. BARMEYER  
  Georgia Bar No. 038500  
RANDY J. BUTTERFIELD  
  Georgia Bar No. 100120  
1180 Peachtree Street NE  
Atlanta, Georgia 30309-3521  
Phone: (404) 572-4600  
Fax:    (404) 572-5137  
Email: *pbarmeyer@kslaw.com*  
     *rbutterfield@kslaw.com*

*Attorneys for Intervenor Defendant Sea Island Acquisition, LLC*

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION**

| | |
|---|---|
| ALTAMAHA RIVERKEEPER, ONE HUNDRED MILES, and CENTER FOR A SUSTAINABLE COAST, INC.,<br><br>    Plaintiffs,<br><br> v.<br><br>THE UNITED STATES ARMY CORPS OF ENGINEERS; Lieutenant General TODD T. SEMONITE, in his official capacity as Commanding General of the U.S. Army Corps of Engineers; Colonel DANIEL HIBNER, in his official capacity as District Commander of the Savannah District; and TUNIS McELWAIN, in his official capacity as Chief of the Regulatory Branch of the U.S. Army Corps of Engineers,<br><br>    Defendants,<br><br> and<br><br>SEA ISLAND ACQUISITION, LLC,<br><br>    Intervenor Defendant. | CIVIL ACTION NO.<br>4:18-cv-00251-JRH-JEG |

## <u>CERTIFICATE OF SERVICE</u>

    I hereby certify that I electronically filed the foregoing **ANSWER OF SEA ISLAND ACQUISITION, LLC** with the Clerk of Court for the United States District Court for the Southern District of Georgia by using the CM/ECF system, which will send a notification of such filing to the following attorneys of record:

William W. Sapp, Esq.
Megan Hinkle Huynh, Esq.
Bob Sherrier, Esq.
**Southern Environmental Law Center**
*Attorneys for Plaintiffs Altamaha
Riverkeeper and One Hundred Miles*

Kimberly A. Sturm, Esq.
**Weissman, PC**
*Attorney for Plaintiff Center for a
Sustainable Coast, Inc.*

Martha C. Mann, Esq.
Dedra S. Curteman, Esq.
**United States Department of Justice**
*Attorneys for Federal Defendants*

This  _19th_ day of December, 2018.

**HALL BOOTH SMITH, P.C.**

3528 Darien Highway, Suite 300
Brunswick, Georgia 31525
Phone:  (912) 554-0093
Fax:      (912) 554-1973
Email:  *jdurham@hallboothsmith.com*
            *smcdonald@hallboothsmith.com*

 _/s/  James B. Durham, Esq._
JAMES B. DURHAM
Georgia Bar No. 235526
STEPHANIE R. McDONALD
Georgia Bar No. 274946
*Attorneys for Intervenor Defendant*
*Sea Island Acquisition, LLC*