# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

| | |
|---|---|
| ALTAMAHA RIVERKEEPER, ONE HUNDRED MILES, and CENTER FOR A SUSTAINABLE COAST, INC., <br><br>    Plaintiffs, <br><br> v. <br><br> THE UNITED STATES ARMY CORPS OF ENGINEERS; Lieutenant General TODD T. SEMONITE, in his official capacity as Commanding General of the U.S. Army Corps of Engineers; Colonel DANIEL HIBNER in his official capacity as District Commander of the Savannah District; and TUNIS McELWAIN, in his official capacity as Chief of the Regulatory Branch of the U.S. Army Corps of Engineers, <br><br>    Defendants, <br><br> and <br><br> SEA ISLAND ACQUISITION, LLC, <br><br>    Intervenor Defendant. | CIVIL ACTION NO. <br> 4:18-cv-00251-JRH-JEG |

## ANSWER OF SEA ISLAND ACQUISITION, LLC
## TO THE COMPLAINT OF CENTER FOR A SUSTAINABLE COAST, INC.

Intervenor-Defendant Sea Island Acquisition, LLC ("Sea Island") responds to the allegations contained in the Complaint for Declaratory and Injunctive Relief ("Complaint") filed by Center for a Sustainable Coast, Inc. ("Plaintiff" or

"Center") on November 2, 2018. The Complaint was originally filed in Case No. CV 418-254. On December 14, 2018, the Court consolidated Case No. CV 418-254 into Case No. CV 418-251, using Case No. CV 418-251 for the consolidated action. [See Doc. 13 in Case CV 418-254.]

Sea Island responds to the allegations contained in the corresponding numbered paragraphs of Plaintiff's Complaint as follows:

### RESPONSE TO ALL ALLEGATIONS OF THE COMPLAINT

Sea Island denies each and every allegation of the Complaint not otherwise admitted, denied, or neither admitted nor denied for lack of knowledge or information sufficient to form a belief as to the truth of the allegations. To the extent that the headings in the Complaint contain factual allegations that require a response, the headings are denied.

1. Insofar as Paragraph 1 purports to characterize Plaintiff's action, no response to such assertions is required; however, Sea Island denies that Plaintiff is entitled to any relief whatsoever. Sea Island admits that the U.S. Army Corps of Engineers issued a § 404 permit to Sea Island which, among other things, authorizes work on the Sea Island beach and dunes. Sea Island admits that the permit, among other things, authorizes the construction of a new T-head groin in front of The Reserve development at Sea Island, the dredging of between 1,315,000 to 2,500,000 cubic yards of sand from an offshore location, and the

placement of sand along more than 17,000 linear feet of beach on Sea Island. Sea Island admits that a copy of Individual Permit No. SAS-2015-00742 (September 12, 2018) is attached to the Complaint as an exhibit. Sea Island denies that the majority of the sand will be used on the 1,200 linear feet of beach adjacent to The Reserve and denies the remaining allegations in Paragraph 1.

2. Denied.

3. Paragraph 3 purports to characterize Plaintiff's pleading and requested relief, and no response to such assertions is required. Sea Island denies that Plaintiff is entitled to any of the relief requested.

## JURISDICTION AND VENUE

4. Paragraph 4 purports to characterize Plaintiff's pleading, and no response to such assertions is required. Sea Island denies that Plaintiff has stated a viable claim under any of the provisions cited.

5-6. Denied.

7. To the extent Plaintiff raises any legally cognizable claims, which Sea Island denies, venue is proper in this Court.

## PARTIES

8. Sea Island admits that the defendant U.S. Army Corps of Engineers is an agency within the United States Department of Defense and that there is a Savannah District of the Corps of Engineers. The remaining allegations of the first

sentence of Paragraph 8 constitute conclusions of law to which no response is required. Sea Island further admits that the Corps is headquartered in Washington, D.C., and has a District Office in Savannah, Georgia. Sea Island denies the remaining allegations in Paragraph 8.

9. Sea Island admits that Lieutenant General Todd Semonite is the current Commanding General of the U.S. Army Corps of Engineers. The remaining allegations in Paragraph 9 either constitute conclusions of law or purport to characterize Plaintiff's pleadings, and so no further response is required.

10. Sea Island admits that Colonel Daniel Hibner is the District Commander in charge of the U.S. Army Corps of Engineers in Savannah, Georgia. The remaining allegations in Paragraph 10 constitute conclusions of law to which no response is required.

11. Sea Island admits that Tunis McElwain is the chief of the Regulatory Branch of the U.S. Army Corps of Engineers. The remaining allegations in Paragraph 11 either constitute conclusions of law or purport to characterize Plaintiff's pleadings, and so no further response is required.

12-17. Sea Island lacks sufficient information to form an opinion as to the truth of the allegations in Paragraphs 12-17 and so denies the same.

18-19. Denied.

## STATUTORY AND REGULATORY BACKGROUND

### The Clean Water Act

20-28.  Paragraphs 20 through 28 consist of conclusions of law to which no response is required.

### National Environmental Policy Act

29-34.  Paragraphs 29 through 34 consist of conclusions of law to which no response is required.

### THE ADMINISTRATIVE PROCEDURES ACT

35-37.  Paragraphs 35 through 37 consist of conclusions of law to which no response is required.

## FACTUAL BACKGROUND AND ALLEGATIONS

38.  Admitted.

39.  Sea Island admits that the southernmost portion of Sea Island has sometimes been referred to as the Spit and that the southernmost portion of Sea Island has not been developed and provides habitat for some state and federally protected turtles and shorebirds.  Sea Island further admits that some residents and tourists use the southernmost portion of as a recreation area.  All other allegations in Paragraph 39 are denied.

40. Sea Island admits that the southernmost portion of Sea Island, like all beaches and barrier islands, is important to the sand-sharing system that includes the beaches and shoreline of St. Simons, including the East Beach area. All other allegations in Paragraph 40 are denied.

41. Sea Island admits that it is a private resort and real estate development company that seeks to sell for profit the valuable land at The Reserve at Sea Island, consisting of eight developed lots. Sea Island admits that no lots have been sold and no homes have yet been constructed. Sea Island further avers that in 2015 it conveyed to the St. Simons Land Trust a Conservation Easement to protect the southernmost portion of the Island from further development. Sea Island admits that The Reserve is just north of the conservation easement boundary. Sea Island denies the remaining allegations in paragraph 41.

42. Denied.

43. Sea Island admits that the island currently has two groins that were built in the early 1990s, that one is located at the northern end of the island, and the other at the northern edge of The Reserve. All other allegations of Paragraph 43 are denied.

44. Sea Island admits that a purpose of a groin is to hold sand on the updrift side of the groin. All remaining allegations of Paragraph 44 are denied.

45. The Corps' Coastal Engineering Manual is a lengthy and technical document that speaks for itself. Sea Island denies that the quoted language, which has been taken out of context, is applicable to this project, and therefore denies the allegations of Paragraph 45. Sea Island further avers that the Corps' Coastal Engineering Manual explains that "[m]odern coastal engineering practice is to combine beach nourishment with groin construction to permit sand to immediately begin to bypass the groin field." Coastal Engineering Manual at V-3-59-61.

46. Sea Island is without sufficient information to form an opinion as to the truth of the allegations of Paragraph 46 and so denies the same.

47. Denied.

48. Sea Island admits that the proposed groin on Sea Island will be closer to St. Simons than the existing south groin. All other allegations of Paragraph 48 are denied.

49. The first sentence of Paragraph 49 is denied. Sea Island avers that the statement of the United States Fish & Wildlife Service ("USFWS") quoted in Paragraph 49 was not made in regard to the amended project that was permitted by the Corps. All other allegations of Paragraph 49 are denied.

50. The October 9, 2015 permit application is in the Administrative Record to be compiled by the Corps, and the document speaks for itself. Sea Island admits that the lengthy application included a request for authorization to construct

a T-head groin of approximately 120 feet in crest length, to construct dunes, to nourish approximately 1,200 linear feet of beach between the existing south groin and the proposed new groin, and to remove approximately 120,000 cubic yards of sand from the northern side of the existing south groin and to place it at the project area. All remaining allegations of Paragraph 50 are denied.

51. The October 9, 2015 permit application is in the Administrative Record to be compiled by the Corps, and the document speaks for itself.

52. Admitted.

53. The first sentence of Paragraph 53 is admitted. The referenced comments are in the Administrative Record and speak for themselves. To the extent a response is required, the remaining allegations of Paragraph 53 are denied.

54-56. Denied as stated. Sea Island avers that the comments were not addressed to the amended application that was permitted by the Corps.

57. Sea Island admits that on March 6, 2018, it submitted a Supplemental Project Description, adding offshore dredging of between 1,315,000 and 2,500,000 cubic yards of sand and placement of beach nourishment sand along up to 17,000 linear feet of shoreline, in addition to the original request to construct a new groin. Sea Island denies the remaining allegations of Paragraph 57.

58. Admitted. The Supplemental Project Description is in the Administrative Record and speaks for itself.

59. Sea Island admits that the Corps published notice related to the Supplemental Project Description on March 20, 2018. All other allegations in Paragraph 59 are denied.

60. Denied.

61. Admitted. Sea Island further avers that neither the Plaintiff nor any other responder submitted any comment opposing the offshore dredging with cutterhead dredge or the nourishment of the beach.

62. Sea Island admits that the Plaintiff filed comments regarding the March 2018 Supplemental Project Description; Sea Island denies that Plaintiff commented on the direct, indirect, or cumulative impacts of the offshore dredging or beach nourishment aspects of the proposed project, and further denies any remaining allegations of Paragraph 62.

63. Admitted.

64. Denied.

65. Admitted.

66. Admitted. The Corps decision document is in the administrative record and speaks for itself.

67. Denied.

68. Denied.

69. Sea Island admits that the Corps found that the authorized project would have no significant impact to the environment. The remaining allegations in Paragraph 69 are denied.

70. Denied.

## CLAIMS FOR RELIEF

## I. NEPA

71. Sea Island incorporates by reference its responses to the allegations contained in the preceding paragraphs.

72. Denied.

73-75. Paragraphs 73 through 75 consist of conclusions of law to which no response is required.

76. Denied. Sea Island further avers that over the past three years, the project was reviewed and approved by the Georgia Shore Protection Committee, an Administrative Law Judge with the Georgia Office of State Administrative Hearings, and the Superior Court of Fulton County for the State of Georgia; further appeals were abandoned by a similarly-situated environmental advocacy group that has an established relationship to Plaintiff in this matter.

77-79. Denied.

## II. CWA

80.  Sea Island incorporates by reference its responses to the allegations contained in the preceding paragraphs.

81-83.  Paragraphs 81 through 83 consist of conclusions of law to which no response is required.

84.  Denied.

85.  The second sentence of Paragraph 85 is a conclusion of law to which no response is required.  Sea Island denies that Plaintiff has stated a viable claim under any of the provisions cited.  The remaining allegations in Paragraph 85 are denied.

86.  The second sentence of Paragraph 86 is a conclusion of law for which no response is required.  The remaining allegations of Paragraph 86 are denied.

87.  Denied.

88.  The second, third, fourth, fifth, and sixth sentences of Paragraph 88 are conclusions of law for which no response is required.  The remainder of Paragraph 88 is denied.

89-90.  Denied.

## PRAYER FOR RELIEF

Sea Island denies Plaintiff is entitled to any of its Prayers for Relief.

## AFFIRMATIVE DEFENSES

### *First Affirmative Defense*

The Complaint should be dismissed for failure to state a claim upon which relief can be granted.

### *Second Affirmative Defense*

The Complaint should be dismissed because Plaintiff lacks standing to raise some or all of its claims.

### *Third Affirmative Defense*

Plaintiff has failed to exhaust its administrative remedies on issues not presented to the Corps of Engineers during the public notice and comment process.

### *Fourth Affirmative Defense*

The Complaint should be dismissed because the Permit was issued in compliance with all applicable substantive and procedural requirements.

WHEREFORE, Sea Island denies that Plaintiff is entitled to any relief whatsoever and prays for judgment as follows:

A. Dismissing Plaintiff's Complaint for Declaratory and Injunctive Relief with prejudice;

B. Awarding Sea Island its costs for defending this action, including reasonable attorneys' fees; and

C. Such other and further relief that this Court deems just and proper.

Respectfully submitted, this  21ˢᵗ  day of December, 2018.

| | |
|---|---|
| PATRICIA T. BARMEYER | */s/ James B. Durham, Esq.* |
| Ga. Bar No. 038500 | JAMES B. DURHAM |
| RANDY J. BUTTERFIELD | Ga. Bar No. 235526 |
| Ga. Bar No. 100120 | STEPHANIE R. MCDONALD |
| KING & SPALDING LLP | Ga. Bar No. 274946 |
| 1180 Peachtree Street N.E. | HALL BOOTH SMITH, P.C. |
| Atlanta, Georgia  30309-3521 | 3528 Darien Highway, Suite 300 |
| Tel:  (404) 572-4600 | Brunswick, Georgia 31525 |
| Fax: (404) 572-5137 | Tel:  (912) 554-0093 |
| *pbarmeyer@kslaw.com* | Fax:  (912) 554-1973 |
| *rbutterfield@kslaw.com* | *jdurham@hallboothsmith.com* |
| | *smcdonald@hallboothsmith.com* |

*Attorneys for Intervenor Defendant Sea Island Acquisition, LLC*

13

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF GEORGIA**
**SAVANNAH DIVISION**

| | |
|---|---|
| ALTAMAHA RIVERKEEPER, ONE HUNDRED MILES, and CENTER FOR A SUSTAINABLE COAST, INC., <br><br> Plaintiffs, <br><br> v. <br><br> THE UNITED STATES ARMY CORPS OF ENGINEERS; Lieutenant General TODD T. SEMONITE, in his official capacity as Commanding General of the U.S. Army Corps of Engineers; Colonel DANIEL HIBNER, in his official capacity as District Commander of the Savannah District; and TUNIS McELWAIN, in his official capacity as Chief of the Regulatory Branch of the U.S. Army Corps of Engineers, <br><br> Defendants, <br><br> and <br><br> SEA ISLAND ACQUISITION, LLC, <br><br> Intervenor Defendant. | CIVIL ACTION NO. <br> 4:18-cv-00251-JRH-JEG |

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing **Answer of Sea Island Acquisition, LLC to the Complaint of Center for a Sustainable Coast, Inc.** with the Clerk of Court for the United States District Court for the Southern District of Georgia by using the CM/ECF system, which will send a notification of such filing to the following attorneys of record:

William W. Sapp, Esq.
Megan Hinkle Huynh, Esq.
Bob Sherrier, Esq.
**Southern Environmental Law Center**
*Attorneys for Plaintiffs Altamaha Riverkeeper and One Hundred Miles*

Kimberly A. Sturm, Esq.
**Weissman, PC**
*Attorney for Plaintiff Center for a Sustainable Coast, Inc.*

Martha C. Mann, Esq.
Dedra S. Curteman, Esq.
Bradford C. Patrick, Esq.
**United States Department of Justice**
*Attorneys for Federal Defendants*

2

This  21st  day of December, 2018.

                                                  **HALL BOOTH SMITH, P.C.**

                                                   /s/  *James B. Durham, Esq.*
                                                  JAMES B. DURHAM
                                                  Georgia Bar No. 235526
                                                  STEPHANIE R. McDONALD
                                                  Georgia Bar No. 274946

                                                  *Attorneys for Intervenor Defendant*
                                                  *Sea Island Acquisition, LLC*

3528 Darien Highway, Suite 300
Brunswick, Georgia 31525
Phone: (912) 554-0093
Fax:    (912) 554-1973
Email: *jdurham@hallboothsmith.com*
        *smcdonald@hallboothsmith.com*

2