# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

|  |  |
|---|---|
| ALTMAHA RIVERKEEPER and ONE HUNDRED MILES, ) ) ) ) Plaintiffs, ) ) v. ) ) UNITED STATES ARMY CORPS OF ) ENGINEERS, et al., ) ) Federal Defendants. ) ) | Case No. 4:18-cv-00251-JRH-CLR |

## FEDERAL DEFENDANTS' ANSWER

Pursuant to Fed. R. Civ. P. 8, the United States Army Corps of Engineers ("Corps"), an agency of the United States of America, Lieutenant General Todd T. Semonite, in his official capacity as Commanding General of the U.S. Army Corps of Engineers, and Colonel Daniel Hibner, in his official capacity as District Commander of the Savannah District (collectively, "Federal Defendants"),[1] through undersigned counsel, hereby assert their defenses and answers to Plaintiffs' Complaint dated October 31, 2018.  ECF No. 1.  The numbered paragraphs in this Answer correspond to the numbered paragraphs in the Complaint.  Federal Defendants incorporate certain headings from the Complaint to assist in the structure and organization of the Answer, but in doing so do not admit any allegation contained therein or waive any defense.[2]

---

[1] Plaintiffs also caption the Complaint against Tunis McElwain, former Chief of the Regulatory Branch of the Savannah District, which is a vacant position.

[2] When a textual sentence is followed by a citation or citations, the textual sentence and its accompanying citation are referred to as one sentence.

1

**GENERAL DENIAL**

Federal Defendants deny any allegations in the Complaint, whether express or implied, that are not expressly admitted, denied, or qualified herein.

**PLAINTIFFS' COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

1. Federal Defendants admit that the Corps issued Department of the Army Permit Number SAS-2015-00742 to Sea Island Acquisition, LLC on September 11, 2018 ("Permit"). The allegation in footnote 1 purports to characterize the Corps' Finding of No Significant Impact, "FONSI," which speaks for itself and is the best evidence of its contents. Federal Defendants deny the allegation to the extent it is inconsistent with the FONSI. The remaining allegations in paragraph 1 purport to characterize Plaintiffs' action and require no response. To the extent a response is required, Federal Defendants deny the allegations and deny any violation of law.

2. The allegations in paragraph 2 purport to characterize the Permit, which speaks for itself and is the best evidence of its contents. Federal Defendants deny the allegations to the extent they are inconsistent with the Permit.

3. The allegations in the first and second sentences of paragraph 3 purport to characterize Plaintiffs' requested relief and require no response. To the extent a response is required, Federal Defendants deny the allegations, deny any violation of law, and deny Plaintiffs are entitled to the requested relief or to any relief whatsoever. The allegation in the third sentence of paragraph 3 purports to characterize Plaintiffs' action and requires no response.

**JURISDICTION AND VENUE**

4. The allegations in paragraph 4 purport to characterize Plaintiff's action and require no response.

5.     The first allegation in paragraph 5 constitutes a conclusion of law, to which no response is required.  The remaining allegations in paragraph 5 constitute conclusions of law and purport to characterize Plaintiffs' requested relief, to which no response is required.  To the extent a response is required, Federal Defendants deny any violation of law and deny Plaintiffs are entitled to the requested relief or to any relief whatsoever.

6.     The allegation in paragraph 6 constitutes a conclusion of law, to which no response is required.

7.     The allegations in paragraph 7 constitute conclusions of law, to which no response is required.

## PARTIES

8.     Federal Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 8 regarding One Hundred Miles ("OHM") and, on that basis, deny the allegations.  The remaining allegations in paragraph 8 constitute conclusions of law and purport to characterize Plaintiffs' requested relief, to which no response is required.

9.     Federal Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 9 and, on that basis, deny the allegations.

10.    Federal Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 10 and, on that basis, deny the allegations.

11.    Federal Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 11 regarding OHM's members' participation in efforts to protect the Sea Island Spit and the wildlife that reside there and, on that basis, deny the allegations.   The remaining allegations in paragraph 11 regarding federally protected species constitute conclusions of law, to which no response is required.

12.     Federal Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 12 and, on that basis, deny the allegations.

13.     Federal Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 13 and, on that basis, deny the allegations.

14.     Federal Defendants deny the allegations in paragraph 14 and deny any violation of law.

15.     Federal Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in first, second, and third sentences of paragraph 15 and, on that basis, deny the allegations.  Federal Defendants admit that Plaintiff Altamaha Riverkeeper submitted comments during the public comment period for this Permit action.

16.     Federal Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 16 and, on that basis, deny the allegations.

17.     Federal Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 17 regarding  Plaintiff Altamaha Riverkeeper's members' participation in efforts to protect the Sea Island Spit and the wildlife that reside there and, on that basis, deny the allegations.   The remaining allegations in paragraph 17 regarding federally protected species constitute conclusions of law, to which no response is required.

18.     Federal Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 18 and, on that basis, deny the allegations.

19.     Federal Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 19 and, on that basis, deny the allegations.

20.     Federal Defendants deny the allegations in paragraph 20 and deny any violation of law.

21. Federal Defendants admit that the United States Army Corps of Engineers is an agency within the United States Department of Defense. The remaining allegation in paragraph 21 constitutes a conclusion of law, to which no response is required.

22. Federal Defendants admit that Lieutenant General Todd Semonite is the current Commanding General of the United States Army Corps of Engineers. The remaining allegation in paragraph 22 constitutes a conclusion of law, to which no response is required.

23. Federal Defendants admit that Colonel Daniel Hibner is the current District Commander of the Savannah District Office. Federal Defendants deny the allegation in paragraph 23 regarding the Record of Decision. The remaining allegations in paragraph 23 constitute conclusions of law, to which no response is required.

24. Federal Defendants deny the allegation in paragraph 24 that Tunis McElwain is the "Chief of the Regulatory Branch of the U.S. Army Corps of Engineers." Federal Defendants aver that the Chief of the Regulatory Branch of the Savannah District of the U.S. Army Corps of Engineers position is currently vacant. The remaining allegations in paragraph 24 constitute conclusions of law, to which no response is required.

**FACTUAL BACKGROUND**

25. Federal Defendants admit the allegation in paragraph 25.

26. The allegation contained in paragraph 26 appears to characterize a portion of Sea Island referred to as the Spit, which is detailed in the Corps' Environmental Assessment. The Environmental Assessment speaks for itself and is the best evidence of its contents. Federal Defendants deny the allegation to the extent the allegation is inconsistent with the Environmental Assessment. Any remaining allegations are denied.

27. The allegations contained in paragraph 27 appear to characterize a portion of Sea Island referred to as the Spit, which is detailed in the Corps' Environmental Assessment. The Environmental Assessment speaks for itself and is the best evidence of its contents. Federal Defendants deny the allegations to the extent the allegations are inconsistent with the Environmental Assessment. Any remaining allegations are denied.

28. The allegation contained in paragraph 28 appears to characterize Sea Island Acquisition's permit application. The permit application is the best evidence of its contents. Federal Defendants deny the allegation to the extent the allegation is inconsistent with the permit application. Any remaining allegations are denied.

29. Federal Defendants admit the allegations in paragraph 29.

30. The allegation in paragraph 30 purports to characterize the purpose of the proposed groin as stated in the permit application, which is detailed in the Corps' Environmental Assessment and Statement of Findings for the Permit. The permit application, Environmental Assessment and Statement of Findings speak for themselves and are the best evidence of their contents. Federal Defendants deny the allegation to the extent the allegation is inconsistent with the permit application, Environmental Assessment and Statement of Findings, or Statement of Findings.

31. Federal Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first sentence of paragraph 31. Federal Defendants deny the remaining allegations in paragraph 31.

*Background on Groins*

32. The allegations contained in paragraph 32 appear to characterize groins, which are detailed in the Corps' Environmental Assessment and Statement of Findings for the Permit. The Environmental Assessment and Statement of Findings speak for themselves and are the best

evidence of their contents. Federal Defendants deny the allegations to the extent the allegations are inconsistent with the Environmental Assessment and Statement of Findings. Any remaining allegations are denied.

33. The allegations contained in paragraph 33 appear to characterize the effects of groins generally and on Sea Island, which are detailed in the Corps' Environmental Assessment and Statement of Findings for the Permit. The Environmental Assessment and Statement of Findings speak for themselves and are the best evidence of their contents. Federal Defendants deny the allegations to the extent the allegations are inconsistent with the Environmental Assessment and Statement of Findings. Any remaining allegations are denied.

34. Federal Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegation in paragraph 34 and, on that basis, deny the allegation. To the extent a response is required, the phrases "negative impacts" and "widely recognized" are too vague and ambiguous to permit a meaningful response, and Federal Defendants deny the allegation on that basis.

35. Federal Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 35 and, on that basis, deny the allegations. To the extent a response is required, the phrases "accelerated" and "negative impacts" are too vague and ambiguous to permit a meaningful response, and Federal Defendants deny the allegations on that basis.

36. Federal Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 36 and, on that basis, deny the allegations. To the extent a response is required, the phrases "inhibit" and "act as a barrier" are too vague and ambiguous to permit a meaningful response, and Federal Defendants deny the allegations on that basis.

37. Federal Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 37 and, on that basis, deny the allegations. To the extent a response is required, the phrases "more concentrated" and "structure" are too vague and ambiguous to permit a meaningful response, and Federal Defendants deny the allegations on that basis.

38. Federal Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 38 and, on that basis, deny the allegations. To the extent a response is required, the phrase "accelerated erosion" is too vague and ambiguous to permit a meaningful response, and Federal Defendants deny the allegations on that basis.

39. The allegation contained in paragraph 39 purport to characterize the Corps' Coastal Engineering Manual ("CEM"). The CEM speaks for itself and is the best evidence of its contents. Federal Defendants deny the allegation to the extent the allegation is inconsistent with the CEM.

40. Federal Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 40 and, on that basis, deny the allegations. To the extent a response is required, the phrase "near universal preference" is too vague and ambiguous to permit a meaningful response, and Federal Defendants deny the allegations on that basis.

41. Federal Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 41 and, on that basis, deny the allegations.

*Public and Agency Opposition to the Groin*

42. The allegation contained in paragraph 42 appears to characterize the effects of groins on the Spit and the public's concerns with the project, which are detailed in the Corps' Environmental Assessment and Statement of Findings for the Permit. The Environmental

Assessment and Statement of Findings speak for themselves and are the best evidence of their contents. Federal Defendants deny the allegation to the extent the allegation is inconsistent with the Environmental Assessment and Statement of Findings. To the extent a response is required, the phrase "harm" is too vague and ambiguous to permit a meaningful response, and Federal Defendants deny the allegation on that basis. Any remaining allegations are denied.

43. Federal Defendants admit the allegations in paragraph 43.

44. Federal Defendants admit the allegation in paragraph 44.

45. Federal Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 45 and, on that basis, deny the allegations.

46. Federal Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 46 and, on that basis, deny the allegations. To the extent the allegations in paragraph 46 purport to quote a comment submitted to the Corps, public comments are detailed in the Corps' Environmental Assessment. The Environmental Assessment speaks for itself and is the best evidence of its contents. Federal Defendants deny the allegations to the extent the allegations are inconsistent with the Environmental Assessment.

47. Federal Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 47 and, on that basis, deny the allegations. To the extent the allegations in paragraph 47 purport to quote a comment submitted to the Corps, public comments are detailed in the Corps' Environmental Assessment. The Environmental Assessment speaks for itself and is the best evidence of their contents. Federal Defendants deny the allegations to the extent the allegations are inconsistent with the Environmental Assessment.

*Consultation with the National Marine Fisheries Service and the Fish and Wildlife Service*

48. Federal Defendants deny the allegation in paragraph 48.

49. The allegations contained in paragraph 49 appear to characterize the Sea Island Biological Assessment. The Biological Assessment speaks for itself and is the best evidence of its contents. Federal Defendants deny the allegation to the extent the allegation is inconsistent with the Biological Assessment. Any remaining allegations are denied.

50. The allegation in paragraph 50 purports to characterize and quote the Sea Island Biological Assessment. The Biological Assessment speaks for itself and is the best evidence of its contents. Federal Defendants deny the allegation to the extent the allegation is inconsistent with the Biological Assessment.

51. The allegation in paragraph 51 purports to characterize and quote the Sea Island Biological Assessment. The Biological Assessment speaks for itself and is the best evidence of its contents. Federal Defendants deny the allegation to the extent the allegation is inconsistent with the Biological Assessment.

52. The allegation in paragraph 52 purports to characterize and quote the Sea Island Biological Assessment. The Biological Assessment speaks for itself and is the best evidence of its contents. Federal Defendants deny the allegation to the extent the allegation is inconsistent with the Biological Assessment.

53. Federal Defendants deny the allegation in paragraph 53 with respect to the U.S. Fish and Wildlife's concurrence. Federal Defendants admit that the National Marine Fisheries Service ("NMFS") concurred with the initial effects determination. With respect to the remaining allegations in paragraph 53, the allegations appear to characterize the NMFS concurrence letter. The concurrence letter speaks for itself and is the best evidence of its contents. Federal Defendants deny the allegations to the extent the allegations are inconsistent with the concurrence letter. Any remaining allegations are denied.

*Sea Island Acquisition's Revised Permit Application*

54. Federal Defendants admit the allegation in paragraph 54.

55. Federal Defendants admit the allegation in paragraph 55.

56. Federal Defendants admit the allegation in paragraph 56.

57. Federal Defendants admit the allegation in paragraph 57.

58  The allegation in paragraph 58 purports to characterize the Sea Island Acquisition's amended permit application.  The amended permit application speaks for itself and is the best evidence of its contents.  Federal Defendants deny the allegation to the extent the allegation is inconsistent with the amended permit application.

59. Federal Defendants admit the allegations in paragraph 59.

60. Federal Defendants admit the allegations in paragraph 60.

61. Federal Defendants deny the allegations in paragraph 61.

62. Federal Defendants deny the allegations in paragraph 62 and deny any violation of law.

63. Federal Defendants deny the allegations in paragraph 63 and deny any violation of law.

*The Supplemental Biological Assessment*

64. Federal Defendants admit the allegation in paragraph 64.

65. Federal Defendants admit the allegation in paragraph 65.

66. The allegations in paragraph 66 purport to characterize the U.S. Fish and Wildlife Service's concurrence letter, which speaks for itself and is the best evidence of its contents. Federal Defendants deny the allegations to the extent the allegations are inconsistent with the concurrence letter.

67.     The allegations in paragraph 67 purport to characterize the U.S. Fish and Wildlife Service's concurrence letter, which speaks for itself and is the best evidence of its contents. Federal Defendants deny the allegations to the extent the allegations are inconsistent with the concurrence letter.

68.     Federal Defendants deny the allegation in paragraph 68.

*The Permit and NEPA Documents*

69.     Federal Defendants admit the allegation in paragraph 69.

70.     Federal Defendants admit the allegation in paragraph 70.

71.     The allegation in paragraph 71 appears to characterize the Corps' Environmental Assessment.  The Environmental Assessment speaks for itself and is the best evidence of its contents.  Federal Defendants deny the allegation to the extent the allegation is inconsistent with the Environmental Assessment.  Any remaining allegations are denied.

## **LEGAL FRAMEWORK**

### **Clean Water Act**

72.     The allegation in paragraph 72 purports to characterize and selectively quotes a federal statute, which speaks for itself and is the best evidence of its contents.  Federal Defendants deny the allegation to the extent the allegation is inconsistent with the statute.

73.     The allegation in paragraph 73 purports to characterize and selectively quotes a federal statute, which speaks for itself and is the best evidence of its contents.  Federal Defendants deny the allegation to the extent the allegation is inconsistent with the statute.

74.     The allegation in paragraph 74 purports to characterize and selectively quotes a federal statute, which speaks for itself and is the best evidence of its contents.  Federal Defendants deny the allegation to the extent the allegation is inconsistent with the statute.

75.     The allegation in paragraph 75 purports to characterize and selectively quotes a federal statute, which speaks for itself and is the best evidence of its contents.  Federal Defendants deny the allegation to the extent the allegation is inconsistent with the statute.

76.     The allegation in paragraph 76 purports to characterize and selectively quotes a federal statute, which speaks for itself and is the best evidence of its contents.  Federal Defendants deny the allegation to the extent the allegation is inconsistent with the statute.

77.     The allegation in paragraph 77 purports to characterize a federal statute, which speaks for itself and is the best evidence of its contents.  Federal Defendants deny the allegation to the extent the allegation is inconsistent with the statute.  In addition, the allegation in paragraph 77 constitutes a conclusion of law, to which no response is required.

78.     The allegation in paragraph 78 purports to characterize a federal statute and regulations.  The federal statute and regulations speak for themselves and are the best evidence of their contents.  Federal Defendants deny the allegation to the extent the allegation is inconsistent with the statute and regulations.  In addition, the allegation in paragraph 78 constitutes a conclusion of law, to which no response is required.

79.     The allegation in paragraph 79 purports to characterize and selectively quotes a federal regulation, which speaks for itself and is the best evidence of its contents.  Federal Defendants deny the allegation to the extent the allegation is inconsistent with the regulation.

80.     The allegation in paragraph 80 purports to characterize a federal regulation, which speaks for itself and is the best evidence of its contents.  Federal Defendants deny the allegation to the extent the allegation is inconsistent with the regulation.  In addition, the allegation in paragraph 80 constitutes a conclusion of law, to which no response is required.

81. The allegation in the first sentence of paragraph 81 purports to characterize and selectively quotes a federal regulation, which speaks for itself and is the best evidence of its contents. Federal Defendants deny the allegation to the extent the allegation is inconsistent with the regulation. The allegations in the second and third sentences of paragraph 81 purport to characterize and selectively quote decisions from the United States Court of Appeals for the Ninth Circuit, and the Middle District of Florida. The decisions speak for themselves and are the best evidence of their contents. Federal Defendants deny the allegations to the extent the allegations are inconsistent with the decisions.

82. The allegations in paragraph 82 purport to characterize federal regulations. The federal regulations speak for themselves and are the best evidence of their contents. Federal Defendants deny the allegations to the extent the allegation are inconsistent with the regulations. In addition, the allegation in paragraph 82 constitutes a conclusion of law, to which no response is required.

## National Environmental Policy Act

83. The allegation in paragraph 83 purports to characterize and selectively quotes a federal statute, which speaks for itself and is the best evidence of its contents. Federal Defendants deny the allegation to the extent the allegation is inconsistent with the statute.

84. The allegation in paragraph 84 purports to characterize a federal statute and regulations. The federal statute and regulations speak for themselves and are the best evidence of their contents. Federal Defendants deny the allegation to the extent the allegation is inconsistent with the statute and regulations.

85. The allegation in paragraph 85 purports to characterize and selectively quotes a federal regulation, which speaks for itself and is the best evidence of its contents. Federal Defendants deny the allegation to the extent the allegation is inconsistent with the regulation.

86. The allegation in paragraph 86 purports to characterize and selectively quotes a federal regulation, which speaks for itself and is the best evidence of its contents. Federal Defendants deny the allegation to the extent the allegation is inconsistent with the regulation.

87. The allegation in paragraph 87 purports to characterize and selectively quotes a federal regulation, which speaks for itself and is the best evidence of its contents. Federal Defendants deny the allegation to the extent the allegation is inconsistent with the regulation.

88. The allegation in paragraph 88 purports to characterize a federal statute, which speaks for itself and is the best evidence of its contents. Federal Defendants deny the allegation to the extent the allegation is inconsistent with the statute.

89. The allegations in paragraph 89 purport to characterize federal regulations. The federal regulations speak for themselves and are the best evidence of their contents. Federal Defendants deny the allegations to the extent the allegations are inconsistent with the regulations.

90. The allegation in paragraph 90 purports to characterize a federal regulation, which speaks for itself and is the best evidence of its contents. Federal Defendants deny the allegation to the extent the allegation is inconsistent with the regulation.

91. The allegation in paragraph 91 purports to characterize and selectively quote a United States Court of Appeals for the Ninth Circuit decision, which speaks for itself and is the best evidence of its contents. Federal Defendants deny the allegation to the extent the allegation is inconsistent with the decision.

## **STANDARD OF REVIEW**

92. The allegations in paragraph 92 constitute conclusions of law, to which no response is required.

93.     The allegations in paragraph 93 purport to characterize a federal statute, which speaks for itself and is the best evidence of its contents.  Federal Defendants deny the allegations to the extent the allegations are inconsistent with the statute.

94.      The allegations in paragraph 94 purport to characterize a federal statute, which speaks for itself and is the best evidence of its contents.  Federal Defendants deny the allegations to the extent the allegations are inconsistent with the statute.

95.     The allegations in paragraph 95 constitute conclusions of law, to which no response is required.

96.     The allegation in paragraph 96 purports to characterize and selectively quotes a federal statute, which speaks for itself and is the best evidence of its contents.  Federal Defendants deny the allegation to the extent the allegation is inconsistent with the statute.

97.     The allegation in paragraph 97 purports to characterize and selectively quote a Supreme Court case, which speaks for itself and is the best evidence of its contents.  Federal Defendants deny the allegation to the extent the allegation is inconsistent with the case.

# CLAIMS FOR RELIEF[3]

**A.   Claim One: Alleged violation of the Clean Water Act and the APA by issuing the Permit when there is a less environmentally damaging practicable alternative to the project.**

98.   Federal Defendants incorporate by reference the responses contained in the preceding paragraphs.

99.   The allegation in paragraph 99 purports to characterize federal regulations. The federal regulations for themselves and are the best evidence of their contents. Federal Defendants deny the allegation to the extent the allegation is inconsistent with the regulations.

100.   The allegation in paragraph 100 purports to characterize and selectively quote a federal regulation, which speaks for itself and is the best evidence of its contents. Federal Defendants deny the allegation to the extent the allegation is inconsistent with the regulation.

101.   Federal Defendants deny the allegations in paragraph 101 and deny any violation of law.

102.   Federal Defendants deny the allegations in paragraph 102 and deny any violation of law.

**B.   Claim Two: Alleged violation of the Clean Water Act and NEPA by failing to adequately evaluate the cumulative impacts of the authorized project.**

103.   Federal Defendants incorporate by reference the responses in the preceding paragraphs.

104.   The allegation in paragraph 104 purports to characterize federal regulations. The federal regulations speak for themselves and are the best evidence of their contents. Federal Defendants deny the allegation to the extent the allegation is inconsistent with the regulations.

---

[3] In the Complaint, Plaintiffs appended a footnote to this heading, wherein it is alleged that the Corps violated the Endangered Species Act. The allegations in the footnote purport to characterize the Corps' Environmental Assessment and Statement of Findings. The Environmental Assessment and Statement of Findings speak for themselves and are the best evidence of their contents. Federal Defendants deny the allegations to the extent the allegations are inconsistent with the Environmental Assessment and Statement of Finding and deny any violation of law. Any remaining allegations in the footnote are denied and the Corps avers that any allegations regarding the Endangered Species Act are not properly before the Court.

105. The allegations in paragraph 105 purport to characterize and selectively quote a federal regulation, which speaks for itself. Federal Defendants deny the allegations to the extent the allegations are inconsistent with the regulation.

106. The allegations in paragraph 106 purport to characterize and selectively quote a federal regulation, which speaks for itself. Federal Defendants deny the allegation to the extent the allegations are inconsistent with the regulation.

107. Federal Defendants deny the allegations in paragraph 107 and deny any violation of law.

108. Federal Defendants deny the allegations in paragraph 108 and deny any violation of law.

      **C.**    **Claim Three: Alleged violation of NEPA and the APA by failing to prepare an Environmental Impact Statement.**

109. Federal Defendants incorporate by reference the responses contained in the preceding paragraphs.

110. The allegation in paragraph 110 purports to characterize and selectively quote a federal statute, which speaks for itself and is the best evidence of its contents. Federal Defendants deny the allegation to the extent the allegation is inconsistent with the regulations.

111. Federal Defendants deny the allegations in paragraph 111 and deny any violation of law.

112. Federal Defendants deny the allegations in paragraph 112 and deny any violation of law.

      **D.**    **Claim Four: Alleged violation of the Clean Water Act and the APA by issuing a permit for a structure that would create undue interference with access to and use of public tidelands.**

113. Federal Defendants incorporate by reference the responses contained in the preceding paragraphs.

114. The allegation in paragraph 114 characterizes and selectively quotes a federal regulation, which speaks for itself and is the best evidence of its contents. Federal Defendants deny the allegation to the extent the allegation is inconsistent with the regulation.

115.   Federal Defendants deny the allegations in paragraph 115 and deny any violation of law.

116.   Federal Defendants deny the allegations in paragraph 116 and deny any violation of law.

117.   Federal Defendants deny the allegations in paragraph 117 and deny any violation of law.

## PRAYER FOR RELIEF

The allegations in this section of the Complaint constitute Plaintiffs' prayer for relief, to which no response is required. To the extent a response is required, Federal Defendants deny that Plaintiffs are entitled to the relief requested or to any relief whatsoever.

## AFFIRMATIVE DEFENSE

Venue in the Savannah District is improper under Local R. 2.1(e).

## GENERAL DENIAL

All allegations not specifically admitted herein are denied. In addition, Federal Defendants deny any violation of law.

WHEREFORE, Federal Defendants respectfully request that the Court enter judgment in favor of Federal Defendants, dismiss this action with prejudice, and grant Federal Defendants such additional relief as this Court deems appropriate.

| | |
|---|---|
| Respectfully submitted February 8, 2019 by | JEAN E. WILLIAMS<br>Deputy Assistant Attorney General |
| *Of Counsel*<br>JOHN E. BALLARD<br>Assistant District Counsel | s/ *Dedra S. Curteman*<br>DEDRA S. CURTEMAN<br>MARTHA C. MANN |
| MADELINE G. CROCKER<br>Assistant District Counsel | United States Department of Justice<br>Environment and Natural Resources Division<br>P.O. Box 7611, Washington, D.C. 20044 |
| MELANIE L. CASNER<br>Assistant Counsel | (202) 305-0446 (Curteman)<br>(202) 514-2664 (Mann)<br>dedra.curteman@usdoj.gov |
| United States Army Corps of Engineers | martha.mann@usdoj.gov<br>*Counsel for the U.S. Army Corps of Engineers* |
| | BOBBY L. CHRISTINE |

19

UNITED STATES ATTORNEY

s/ *Bradford C. Patrick*
BRADFORD C. PATRICK
Assistant United States Attorney
South Carolina Bar No. 102092
U.S. Attorney's Office
Post Office Box 8970
Savannah, Georgia 31412
(912) 652-4422
bradford.patrick@usdoj.gov