**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF GEORGIA**
**SAVANNAH DIVISION**

| | |
|---|---|
| ———————————————————— ) | |
| CENTER FOR SUSTAINABLE COAST, INC., ) | |
| ) | |
|         Plaintiff, ) | |
| ) | |
|     v. ) | Case No. 4:18-cv-00251-JRH-CLR |
| ) | |
| UNITED STATES ARMY CORPS OF ) | |
| ENGINEERS, et al., ) | |
| ) | |
|        Federal Defendants. ) | |
| ————————————————————) | |

## FEDERAL DEFENDANTS' ANSWER

Pursuant to Fed. R. Civ. P. 8, the United States Army Corps of Engineers ("Corps"), an agency of the United States of America, Lieutenant General Todd T. Semonite, in his official capacity as Commanding General of the U.S. Army Corps of Engineers, and Colonel Daniel Hibner, in his official capacity as District Commander of the Savannah District (collectively, "Federal Defendants"),[1] through undersigned counsel, hereby assert their defenses and answers to Plaintiff's Complaint dated October 31, 2018.  ECF No. 1.  The numbered paragraphs in this Answer correspond to the numbered paragraphs in the Complaint.  Federal Defendants incorporate certain headings from the Complaint to assist in the structure and organization of the Answer, but in doing so do not admit any allegation contained therein or waive any defense.[2]

---

[1] Plaintiff also captions the Complaint against Tunis McElwain, former Chief of the Regulatory Branch of the Savannah District, which is a vacant position.
[2] When a textual sentence is followed by a citation or citations, the textual sentence and its accompanying citation are referred to as one sentence.

## GENERAL DENIAL

Federal Defendants deny any allegations contained in the Complaint, whether express or implied, that are not expressly admitted, denied, or qualified herein.

## INTRODUCTION

1.      Federal Defendants admit that the Corps issued Department of the Army Permit Number SAS-2015-00742 to Sea Island Acquisition, LLC on September 11, 2018 ("Permit"). The remaining allegations contained in paragraph 1 purport to characterize the Permit. The Permit speaks for itself and is the best evidence of its contents. Federal Defendants deny the allegations to the extent they are inconsistent with the Permit. To the extent a response is required, Federal Defendants deny any violation of law.

2.      Federal Defendants deny the allegations contained in paragraph 2 and deny any violation of law.

3.      The allegations contained in paragraph 3 purport to characterize Plaintiff's requested relief and require no response. To the extent a response is required, Federal Defendants deny the allegations, deny any violation of law, and deny Plaintiff is entitled to the requested relief or to any relief whatsoever.

## JURISDICTION AND VENUE

4.      The allegations contained in paragraph 4 purport to characterize Plaintiff's action and require no response.

5.      The first allegation contained in paragraph 5 constitutes a conclusion of law regarding jurisdiction, to which no response is required. The remaining allegations contained in paragraph 5 constitute conclusions of law and purport to characterize Plaintiff's requested relief, to which

no response is required.  To the extent a response is required, Federal Defendants deny any violation of law and deny Plaintiff is entitled to the requested relief or to any relief whatsoever.

6.      The allegations contained in paragraph 6 constitute conclusions of law, to which no response is required.

7.      The allegations contained in paragraph 7 constitute conclusions of law, to which no response is required.

## PARTIES

8.      Federal Defendants admit that the United States Army Corps of Engineers is a federal agency headquartered in Washington, D.C. with a District Office in Savannah, Georgia.  The remaining allegations contained in paragraph 8 constitute conclusions of law, to which no response is required.

9.      Federal Defendants admit that Lieutenant General Todd Semonite is the current Commanding General of the United States Army Corps of Engineers.  The remaining allegations contained in paragraph 9 constitute conclusions of law, to which no response is required.

10.     Federal Defendants admit that Colonel Daniel Hibner is the current District Commander in charge of the United States Army Corps of Engineers in Savannah, Georgia and that he signed the Permit challenged in this case.  The remaining allegations contained in paragraph 10 constitute conclusions of law, to which no response is required.

11.     Federal Defendants deny that Tunis McElwain is the "Chief of the Regulatory Branch of the U.S. Army Corps of Engineers."  Federal Defendants admit that Tunis McElwain signed the Corps' Environmental Assessment, Finding of No Significant Impact, and Statement of Findings. Federal Defendants aver that the Chief of the Regulatory Branch of the Savannah District of the

U.S. Army Corps of Engineers position is currently vacant.  The remaining allegations contained in paragraph 11 constitute conclusions of law, to which no response is required.

12.     Federal Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 12 and, on that basis, deny the allegations.

13.     Federal Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 13 regarding Plaintiff Center for a Sustainable Coast ("CSC") and, on that basis, deny the allegations.

14.     Federal Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 14 and, on that basis, deny the allegations.

15.     Federal Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 15 and, on that basis, deny the allegations.

16.     Federal Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 16 and, on that basis, deny the allegations.

17.     Federal Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 17 regarding CSC's members' participation in efforts to protect coastal resources along Sea Island and St. Simon's Island and, on that basis, deny the allegations.

18.      Federal Defendants deny the allegations contained in paragraph 18 and deny any violation of law.

19.     Federal Defendants deny the allegations contained in paragraph 19 and deny any violation of law.

## STATUTORY AND REGULATORY BACKGROUND

### Clean Water Act

20.     The allegations contained in paragraph 20 purport to characterize and selectively quote a federal statute.  The federal statute speaks for itself and is the best evidence of its contents. Federal Defendants deny the allegations to the extent the allegations are inconsistent with the statute.

21.     The allegations contained in paragraph 21 purport to characterize and selectively quote a federal statute and regulations.  The federal statute and regulations speak for themselves and are the best evidence of their contents.  Federal Defendants deny the allegations to the extent the allegations are inconsistent with the statute and regulations.

22.     The allegation contained in paragraph 22 purports to characterize a federal statute.  The federal statute speaks for itself and is the best evidence of its contents.  Federal Defendants deny the allegation to the extent the allegation is inconsistent with the statute.  In addition, the allegation contained in paragraph 22 constitutes a conclusion of law, to which no response is required.

23.     The allegations contained in paragraph 23 purport to characterize and selectively quote federal regulations.  The federal regulations speak for themselves, and are the best evidence of their contents.  Federal Defendants deny the allegations to the extent the allegations are inconsistent with the regulations.

24.     The allegations contained in paragraph 24 purport to characterize a federal statute and regulation.  The federal statute and regulation speak for themselves and are the best evidence of their contents.  Federal Defendants deny the allegations to the extent the allegations are inconsistent with the statute and regulation.

25.     The allegations contained in paragraph 25 purport to characterize and selectively quote a federal regulation.  The federal regulation speaks for itself and is the best evidence of its contents.  Federal Defendants deny the allegations to the extent the allegations are inconsistent with the regulation.

26.     The allegation contained in paragraph 26 purports to characterize and selectively quotes a federal regulation.  The federal regulation speaks for itself and is the best evidence of its contents.  Federal Defendants deny the allegation to the extent the allegation is inconsistent with the regulation.

27.     The allegation contained in paragraph 27 constitutes a conclusion of law, to which no response is required

28.     The allegation contained in paragraph 28 purports to characterize a federal regulation.  The federal regulation speaks for itself and is the best evidence of its contents.   Federal Defendants deny the allegation to the extent the allegation is are inconsistent with the regulation.

## National Environmental Policy Act

29.     The allegations contained in paragraph 29 purport to characterize and selectively quote a federal statute and regulations.  The federal statute and regulations speak for themselves and are the best evidence of their contents.  Federal Defendants deny the allegations to the extent the allegations are inconsistent with the statute and regulations.

30.     The allegations contained in paragraph 30 purport to characterize and selectively quote a federal regulation.  The federal regulation speaks for itself and is the best evidence of its contents.  Federal Defendants deny the allegations to the extent the allegations are inconsistent with the regulation.

31.     The allegation contained in paragraph 31 purports to characterize a federal statute.  The federal statute speaks for itself and is the best evidence of its contents.  Federal Defendants deny the allegation to the extent the allegation is inconsistent with the statute.

32.     The allegation contained in paragraph 32 purports to characterize a federal statute and regulations.  The federal statute and regulations speak for themselves and are the best evidence of their contents.  Federal Defendants deny the allegation to the extent the allegation is inconsistent with the statute and regulation.

33.     The allegation contained in the first sentence of paragraph 33 purports to characterize a federal statute.  The federal statute speaks for itself and is the best evidence of its contents.  Federal Defendants deny the allegation to the extent the allegation is inconsistent with the statute.  The allegation contained in the second sentence of paragraph 33 purports to characterize and selectively quotes a United States Court of Appeals for the Ninth Circuit decision.  The decision speaks for itself and is the best evidence of its contents.  Federal Defendants deny the allegations to the extent the allegations are inconsistent with the decision.

34.     The allegation contained in paragraph 34 purports to characterize a federal statute.  The federal statute speaks for itself and is the best evidence of its contents.  Federal Defendants deny the allegation to the extent the allegation is inconsistent with the statute.

**THE ADMINSTRATIVE PROCEDURE ACT**

35.     The allegations contained in paragraph 35 constitute conclusions of law, to which no response is required.  The allegations also purport to characterize a federal statute.  The federal statute speaks for itself.  Federal Defendants deny the allegations to the extent the allegations are inconsistent with the statute.

7

36.     The allegation contained in paragraph 36 purports to characterize and selectively quotes a federal statute.  The federal statute speaks for itself and is the best evidence of its contents. Federal Defendants deny the allegation to the extent the allegation is inconsistent with the statute.

37.     The allegation contained in paragraph 37 purports to characterize and selectively quote a Supreme Court decision.  The decision speaks for itself and is the best evidence of its contents. Federal Defendants deny the allegation to the extent the allegation is inconsistent with the decision.

## FACTUAL BACKGROUND AND ALLEGATIONS

38.     Federal Defendants admit that Sea Island is one of a series of barrier islands off the coast of Georgia and that the island is four and half miles long.  With respect to the remaining allegations contained in the first sentence, Federal Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding the width of the island, and, on that basis, deny the allegation.  Federal Defendants admit the allegations contained in the second sentence in paragraph 38.

39.     The allegations contained in paragraph 39 consist of Plaintiffs' opinion and characterization of a  portion of Sea Island referred to as the Spit, and requires no response.  To the extent a response is required, Federal Defendants admit only that the Spit is located at the southern end of Sea Island.  The remaining allegations are too vague and ambiguous to permit a response, and are on that basis denied.

40.     The allegations contained in paragraph 40 consist of Plaintiffs' opinion and characterization of a portion of Sea Island referred to as the Spit, and requires no response.  To

the extent a response is required,  the allegations are too vague and ambiguous to permit a

response, and are on that basis denied.

41.      Federal Defendants lack knowledge or information sufficient to form a belief as to the

truth of the allegations contained in the first, second, and third sentences of paragraph 41.   The

allegation contained in the fourth sentence of paragraph 41 purports to characterize the Permit.

The Permit speaks for itself and is the best evidence of its contents.  Federal Defendants deny the

allegations to the extent the allegations are inconsistent with the Permit.

42.       The allegations contained in paragraph 42 constitute legal conclusions, to which no

response is required.  In addition, Federal Defendants lack knowledge or information sufficient

to form a belief as to the truth of the allegations contained in paragraph 42 and, on that basis,

deny the allegations.

43.      Federal Defendants admit the allegations contained in the first two sentences of

paragraph 43.  Federal Defendants lack knowledge or information sufficient to form a belief as to

the truth of the allegations contained in the last sentence of paragraph 43 and, on that basis, deny

the allegations.

44.      The allegations contained in the first sentence of paragraph 44 are too vague and

ambiguous to permit a response, and are on that basis denied.  As to the remaining allegations in

Paragraph 44, Federal Defendants admit only that groins can affect the drift of sand around

barrier islands.  The remaining allegations in Paragraph 44 consist of Plaintiffs' opinion and

characterization of fact which requires no response.  To the extent a response is required, the

allegations are too vague and ambiguous to permit a response and are denied on that basis.

45.      Federal Defendants lack knowledge or information sufficient to form a belief as to the

truth of the allegation contained in the first sentence of paragraph 45 and, on that basis, deny the

allegation.  The remaining allegation purports to characterize the Corps' Coastal Engineering Manual ("CEM").  The CEM speaks for itself and is the best evidence of its contents.  Federal Defendants deny the allegation to the extent the allegation is inconsistent with the CEM.

46.     The allegations in Paragraph 46 purport to characterize a joint statement of unidentified geologists.  The referenced statement speaks for itself and is the best evidence of its contents.  Federal Defendants deny any allegations to the extent the allegations are inconsistent with the statement.

47.     Federal Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 47 and, on that basis, deny the allegations.

48.     The allegations contained in paragraph 48 appear to characterize the effects of groins generally and on Sea Island, which are detailed in the Corps' Environmental Assessment and Statement of Findings for the Permit.  The Corps' Environmental Assessment and Statement of Findings speak for themselves and are the best evidence of their contents.  Federal Defendants deny the allegations to the extent the allegations are inconsistent with the Environmental Assessment and Statement of Findings.  Any remaining allegations are denied.

49.     The allegation contained in paragraph 49 purports to characterize comments from the U.S. Fish and Wildlife Service.  The referenced comments speak for themselves and are the best evidence of their contents.  Federal Defendants deny the allegation to the extent the allegation is inconsistent with the referenced comments.

50.     The allegations contained in paragraph 50 purport to characterize the initial Permit application.  The initial Permit application speaks for itself and is the best evidence of its contents.  Federal Defendants deny the allegations to the extent the allegations are inconsistent with the initial Permit application.

51.     The allegation contained in paragraph 51 purports to quote the initial Permit application. The initial Permit application speaks for itself and is the best evidence of its contents.  Federal Defendants deny the allegations to the extent the allegations are inconsistent with the initial Permit application.

52.     Federal Defendants admit the allegation contained in paragraph 52.

53.     The allegations contained in paragraph 53 purport to characterize comments submitted to the Corps, which are detailed in the Corps' Environmental Assessment.  The referenced comments speak for themselves and are the best evidence of their contents.  Federal Defendants deny the allegations to the extent the allegations are inconsistent with the referenced comments.

54.     Federal Defendants admit the allegations contained in the first and second sentences of paragraph 54.  Federal Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 54 and, on that basis deny the allegations.

55.     The allegations contained in paragraph 55 purport to quote unspecified comments submitted by the Georgia Department of Natural Resources.  The comments speak for themselves and are the best evidence of their contents.  Federal Defendants deny the allegations to the extent the allegations are inconsistent with the referenced comments.

56.     The allegations contained in paragraph 56 purport to characterize unspecified comments from the U.S. Fish and Wildlife Service.  The comments speak for themselves and are the best evidence of their contents.  Federal Defendants deny the allegations to the extent the allegations are inconsistent with the referenced comments.

57.     Federal Defendants admit the allegation contained in the first sentence of paragraph 57. The remaining allegations contained in paragraph 57 purport to characterize a March 6, 2018

amended application.  The amended application speaks for itself and is the best evidence of its contents.  Federal Defendants deny the allegations to the extent they are inconsistent with the amended application.

58.     The allegations contained in paragraph 58 purport to characterize a March 6, 2018 amended application.  The amended application speaks for itself and is the best evidence of its contents.  Federal Defendants deny the allegations to the extent they are inconsistent with the amended application.

59.     The allegation contained in paragraph 59 purports to characterize a March 20, 2018 public notice for the amended permit application.  The public notice speaks for itself and is the best evidence of its contents.  Federal Defendants deny the allegation to the extent the allegation is inconsistent with the public notice.

60.     The allegation contained in paragraph 60 purports to characterize unspecified public responses to the amended permit application.  The referenced public responses speak for themselves and are the best evidence of their contents.  Federal Defendants deny the allegation to the extent the allegation is inconsistent with the referenced responses.

61.     The allegations contained in paragraph 61 purport to characterize the Plaintiff's own public comments.  The public comments speak for themselves and are the best evidence of their contents.  Federal Defendants deny the allegations to the extent the allegations are inconsistent with the public comments.

62.     The allegations contained in the first sentence of paragraph 62 purport to characterize Plaintiff's comments on the revised permit application.  The public comments speak for themselves and are the best evidence of their contents.  Federal Defendants deny the allegations to the extent the allegations are inconsistent with the public comments.  The allegations in the

12

second sentence of paragraph 62 purport to characterize an October 2015 application and a March 2018 revised application.  The October 2015 application and March 2018 revised application speak for themselves and are the best evidence of their contents.  Federal Defendants deny the allegations to the extent the allegations are inconsistent with the applications.

63.     Federal Defendants admit the allegations contained in paragraph 63.

64.     The allegation contained in paragraph 64 purports to characterize the Permit.  The Permit speaks for itself and is the best evidence of its contents.  Federal Defendants deny the allegation to the extent the allegation is inconsistent with the Permit.

65.     Federal Defendants admit the allegation contained in paragraph 65.

66.     The allegation contained in paragraph 66 purports to characterize and selectively quote the Corps' Environmental Assessment and Statement of Findings.  The Corps' Environmental Assessment and Statement of Findings speak for themselves and are the best evidence of their contents.  Federal Defendants deny the allegation to the extent the allegation is inconsistent with the Environmental Assessment and Statement of Findings.

67.     Federal Defendants deny the allegation contained in paragraph 67.

68.     The allegation contained in paragraph 68 purports to characterize the Corps' Environmental Assessment and Statement of Findings.  The Corps' Environmental Assessment and Statement of Findings speak for themselves and are the best evidence of their contents.  Federal Defendants deny the allegation to the extent the allegation is inconsistent with the Environmental Assessment and Statement of Findings.

69.     The allegation contained in paragraph 69 purports to characterize the Corps' Environmental Assessment and Statement of Findings.  The Corps' Environmental Assessment and Statement of Findings speak for themselves and are the best evidence of their contents.

Federal Defendants deny the allegation to the extent the allegation is inconsistent with the Environmental Assessment and Statement of Findings.

70.     Federal Defendants deny the allegations contained in paragraph 70.

## CLAIMS FOR RELIEF

## I. FAILURE TO PREPARE AN EIS IN VIOLATION OF NEPA

71.     Federal Defendants incorporate by reference the answers contained in paragraph 1 through 70.

72.     Federal Defendants deny the allegations contained in paragraph 72 and deny any violation of law.

73.     The allegation contained in paragraph 73 purports to characterize a federal statute.  The federal statute speaks for itself and is the best evidence of its contents.  Federal Defendants deny the allegation to the extent the allegation is inconsistent with the statute.

74.     The allegation contained in paragraph 74 purports to characterize a federal regulation. The federal regulation speaks for itself and is the best evidence of its contents.  Federal Defendants deny the allegation to the extent the allegation is inconsistent with the regulation.

75.     The allegation contained in paragraph 75 purports to characterize a federal regulation. The federal regulation speaks for itself and is the best evidence of its contents.  To the extent the allegation is inconsistent with the regulation, it is denied.

76.     The allegations contained in the first sentence of paragraph 76 purport to characterize the Corps' Environmental Assessment and Statement of Findings.  The Environmental Assessment and Statement of Findings speak for themselves and are the best evidence of their contents. Federal Defendants deny the allegations to the extent the allegations are inconsistent with the Environmental Assessment and Statement of Findings.  Federal Defendants lack knowledge or

information sufficient to form a belief as to the truth of the allegations contained in the second sentence of paragraph 76 and, on that basis, deny the allegations.

77.      Federal Defendants deny the allegations contained in paragraph 77.

78.      Federal Defendants deny the allegations contained in paragraph 78.

79.      Federal Defendants deny the allegations contained in paragraph 79 and deny any violation of law.

## II. FAILURE TO COMPLY WITH THE CWA AND IMPLEMENTING REGULATIONS

80.      Federal Defendants incorporate by reference the answers contained in paragraph 1 through 79.

81.      The allegation contained in paragraph 80 purports to characterize a federal statute and federal regulations.  The federal statute and regulation speak for themselves and are the best evidence of their contents.  Federal Defendants deny the allegations to the extent the allegations are inconsistent with the statute and regulations.

82.      The allegations contained in paragraph 82 purport to characterize and selectively quote a federal regulation.  The federal regulation speaks for itself and is the best evidence of its contents.  Federal Defendants deny the allegations to the extent the allegations are inconsistent with the regulation.

83.      The allegations contained in paragraph 83 appear to characterize the Clean Water Act and the Endangered Species Act.  The statutes speak for themselves and are the best evidence of their contents.  Federal Defendants deny the allegations to the extent the allegations are inconsistent with the statutes.  Any remaining allegations are denied.

84.      Federal Defendants deny the allegations contained in paragraph 84.

85.      Federal Defendants deny the allegation contained in the first sentence of paragraph 85. The allegation contained in the second sentence of paragraph 85 purports to characterize and selectively quote a federal regulation.  The federal regulation speaks for itself and is the best evidence of its contents.  Federal Defendants deny the allegation to the extent the allegation is inconsistent with the regulation.  Federal Defendants deny the remaining allegations contained in paragraph 85 and deny any violation of law.

86.      Federal Defendants deny the allegations contained in the first sentence in paragraph 86. The remaining allegations contained in paragraph 86 constitute conclusions of law, to which no response is required.  To the extent a response is required, the allegations are denied.

87.      Federal Defendants deny the allegations contained in paragraph 87.

88.      Federal Defendants deny the allegations contained in the first sentence of paragraph 88 and deny any violation of law.  The allegations contained in the second, third, fourth, fifth, and sixth sentences of paragraph 88 purport to characterize and selectively quote federal regulations. The federal regulations speak for themselves and are the best evidence of their contents.  Federal Defendants deny the allegations to the extent the allegations are inconsistent with the regulations. Federal Defendants deny the allegation contained in the last sentence of paragraph 88 and deny any violation of law.

89.      Federal Defendants deny the allegations contained in paragraph 89 and deny any violation of law.

90.      Federal Defendants deny the allegations contained in paragraph 90 and deny any violation of law.

**PRAYER FOR RELIEF**

The allegations contained in this section of the Complaint constitute Plaintiffs' prayer for relief, to which no response is required.  To the extent a response is required, Federal Defendants deny that Plaintiffs are entitled to the relief requested or to any relief whatsoever.

**AFFIRMATIVE DEFENSE**

Venue in the Savannah District may be improper under Local R. 2.1(e).

**GENERAL DENIAL**

All allegations not specifically admitted herein are denied.  In addition, Federal Defendants deny any violation of law.

WHEREFORE, Federal Defendants respectfully request that the Court enter judgment in favor of Federal Defendants, dismiss this action with prejudice, and grant Federal Defendants such additional relief as this Court deems appropriate.

Respectfully submitted February 8, 2019 by

*Of Counsel*
JOHN E. BALLARD
Assistant District Counsel

MADELINE G. CROCKER
Assistant District Counsel

MELANIE L. CASNER
Assistant Counsel

United States Army Corps of Engineers

JEAN E. WILLIAMS
Deputy Assistant Attorney General

*s/ Dedra S. Curteman*
DEDRA S. CURTEMAN
MARTHA C. MANN
United States Department of Justice
Environment and Natural Resources Division
P.O. Box 7611, Washington, D.C. 20044
(202) 305-0446 (Curteman)
(202) 514-2664 (Mann)
dedra.curteman@usdoj.gov
martha.mann@usdoj.gov
*Counsel for the U.S. Army Corps of Engineers*

BOBBY L. CHRISTINE
UNITED STATES ATTORNEY

*s/ Bradford C. Patrick*
BRADFORD C. PATRICK
Assistant United States Attorney
South Carolina Bar No. 102092

17

U.S. Attorney's Office
Post Office Box 8970
Savannah, Georgia 31412
(912) 652-4422
bradford.patrick@usdoj.gov