IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| ALTAMAHA RIVERKEEPER, ONE HUNDRED MILES, and SURFRIDER FOUNDATION,<br><br>    Plaintiffs,<br><br>v.<br><br>THE UNITED STATES ARMY CORPS OF ENGINEERS, et al.,<br><br>    Defendants,<br><br>and<br><br>SEA ISLAND ACQUISITION, LLC,<br><br>    Intervenor Defendant. | CIVIL ACTION NO.<br>4:18-cv-00251-JRH-JEG |

## ANSWER OF SEA ISLAND ACQUISITION, LLC TO AMENDED COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

Intervenor Defendant Sea Island Acquisition, LLC ("Sea Island") responds to the allegations contained in the corresponding numbered paragraphs in the Amended Complaint for Declaratory and Injunctive Relief as follows:

### RESPONSE TO ALL ALLEGATIONS OF THE COMPLAINT

Sea Island denies each and every allegation of the Amended Complaint not otherwise admitted, denied, or neither admitted nor denied for lack of knowledge or information sufficient to form a belief as to the truth of the allegations. To the extent that the headings in the Amended Complaint contain factual allegations that require a response, the headings are denied.

1.    Paragraph 1 purports to characterize Plaintiffs' pleading, and no response to such assertions is required. Sea Island denies that Plaintiffs have stated a viable claim under any of the provisions cited.

2. Sea Island admits that the Permit authorizes (a) construction of a new T-head groin in front of The Reserve at Sea Island, (b) dredging of between 1,315,000 and 2,500,000 cubic yards of sand from an offshore source, and (c) nourishment of more than 17,000 linear feet of beach on Sea Island; Sea Island further notes that the Permit contains many additional provisions and conditions. The remaining allegations in Paragraph 2 are denied.

3. Paragraph 3 purports to characterize Plaintiffs' pleading and related motion, and no response to such assertions is required. Sea Island denies that Plaintiffs are entitled to any of the relief requested.

4. Admitted.

5. Paragraph 5 purports to characterize Plaintiffs' pleading, and no response to such assertion is required. Sea Island denies that Plaintiffs are entitled to any of the relief requested.

## JURISDICTION AND VENUE

6. Paragraph 6 purports to characterize Plaintiffs' pleading, and no response to such assertions is required. Sea Island denies that Plaintiffs have stated a viable claim under any of the provisions cited.

7-8. Denied.

9. To the extent Plaintiffs raise any legally cognizable claims, which Sea Island denies, venue is proper in this Court.

## PARTIES

10-12. Sea Island lacks sufficient information to form an opinion as to the truth of the allegations in Paragraphs 10-12 and so denies the same.

13. Sea Island lacks sufficient information to form an opinion as to the truth of the allegations in the first grammatical sentence of Paragraph 13. Sea Island admits the second grammatical sentence contained in Paragraph 13.

14-15. Sea Island lacks sufficient information to form an opinion as to the truth of the allegations in Paragraphs 14-15 and so denies the same.

16. Denied.

17-18. Sea Island lacks sufficient information to form an opinion as to the truth of the allegations in Paragraphs 17-18 and so denies the same.

19. Sea Island admits that the Riverkeeper submitted comments opposing the issuance of this Permit and challenging the Georgia Shore Protection Act permit for the T-head groin in state court. Sea Island lacks sufficient information to form an opinion as to the truth of the remaining allegations contained in Paragraph 19 and so denies the same.

20-21. Sea Island lacks sufficient information to form an opinion as to the truth of the allegations in Paragraphs 20-21 and so denies the same.

22. Denied.

23. Paragraph 23 purports to characterize Plaintiffs' pleading and exhibits, and no response to such assertions is required. Sea Island denies that Plaintiffs are entitled to any of the relief requested.

24-26. Sea Island lacks sufficient information to form an opinion as to the truth of the allegations in Paragraphs 24-26 and so denies the same.

27. Sea Island admits that Surfrider submitted comments opposing the issuance of this Permit and challenging the Georgia Shore Protection Act permit in state court. Sea Island lacks

sufficient information to form an opinion as to the truth of the remaining allegations contained in Paragraph 27 and so denies the same.

28-29.   Sea Island lacks sufficient information to form an opinion as to the truth of the allegations in Paragraphs 28-29 and so denies the same.

30.   Denied.

31.   Paragraph 31 purports to characterize Plaintiffs' pleading and exhibits, and no response to such assertions is required. Sea Island denies that Plaintiffs are entitled to any of the relief requested.

32.   Denied.

33.   Sea Island admits that the defendant U.S. Army Corps of Engineers ("Corps") is an agency within the United States Department of Defense and that there is a Savannah District of the Corps of Engineers. The remaining allegations of Paragraph 33 constitute conclusions of law to which no response is required.

34.   The first sentence of Paragraph of 34 is admitted. The second sentence of Paragraph 34 is a conclusion of law to which no response is required.

35.   The first sentence of Paragraph of 35 is admitted. Sea Island is without sufficient information to form a belief as to the truth of the allegations of the second sentence of Paragraph 35. The third sentence of Paragraph 35 is a conclusion of law to which no response is required.

36.   The first sentence of Paragraph of 36 is denied. The second sentence of Paragraph 36 is a conclusion of law to which no response is required.

37.   Sea Island admits that it is a privately-held resort and real estate company that owns and operates certain resort facilities.

## FACTUAL AND PROCEDURAL BACKGROUND

38. Admitted.

39. Sea Island admits that the southernmost portion of the Island has not been developed and that it provides habitat for some state and federally protected turtles and shorebirds; all other allegations in Paragraph 39 are denied. Sea Island further avers that in 2015 it conveyed to the St. Simons Land Trust a Conservation Easement to protect the southernmost portion of the Island from further development.

40. Sea Island admits that the southernmost portion of the Island is sometimes visited by residents of Sea Island, visitors to Sea Island, and others, and that the area is used for paddling, surfing, bird-watching, and walking, and that this portion of Sea Island is subject to a Conservation Easement as noted in response to Paragraph 39. All other allegations of Paragraph 40 are denied.

41. Sea Island admits that it is a privately-held resort and real estate company and that The Reserve development is located north of the Conservation Easement boundary. All other allegations of Paragraph 41 are denied.

42. The October 9, 2015 permit application is in the Administrative Record to be compiled by the Corps, and the document speaks for itself. Sea Island admits that the lengthy application included a request for authorization to construct a T-head groin, to construct dunes, and to nourish approximately 1,200 linear feet of beach between the existing south groin and the proposed new groin. All remaining allegations of Paragraph 42 are denied.

43. The allegations of Paragraph 43 are denied as stated. The October 9, 2015 permit application states the purpose of the project as proposed was to stabilize the eroding beach south of the existing south groin and to provide storm protection to the adjacent upland.

44. Sea Island admits that there are currently no houses located at The Reserve and that no lots have yet been sold. The remaining allegations of Paragraph 44 are denied.

*Background on Groins*

45. Sea Island admits that a groin, in coastal engineering terms, is a hard structure often constructed of rock or steel built perpendicular to the beach. Sea Island denies the remaining allegations of Paragraph 45.

46. Denied.

47. Sea Island admits that groins, if not properly designed and constructed, can have negative effects in certain circumstances. Sea Island denies the remaining allegations of Paragraph 47.

48. Sea Island admits that groins, if not properly designed and constructed, can have negative effects to wildlife in certain circumstances. Sea Island denies the remaining allegations of Paragraph 48.

49. Sea Island denies the allegations of Paragraph 49 as stated and as applied to this project.

50. Sea Island denies the allegations of Paragraph 50 as stated and as applied to this project.

51. Sea Island denies the allegations of Paragraph 51 as stated and as applied to this project.

52. The Corps' Coastal Engineering Manual is a lengthy and technical document that speaks for itself. Sea Island denies that the quoted language, which has been taken out of context, is applicable to this project and therefore denies the allegations of Paragraph 52. Sea Island further avers that the Corps' Coastal Engineering Manual explains that "[m]odern coastal engineering

practice is to combine beach nourishment with groin construction to permit sand to immediately begin to bypass the groin field." Coastal Engineering Manual at V-3-59-61.

53. Denied.

54. Sea Island is without sufficient information to form an opinion as to the truth of the allegations of Paragraph 54 and so denies the same.

*Public and Agency Opposition to the Groin*

55. Denied.

56-58. Denied as stated.

59. Admitted. Sea Island further avers that the Georgia Department of Natural Resources Wildlife Resources Division's Nongame Conservation Section ("WRD") filed no objection to the revised application that led to the Permit that is at issue in this litigation.

60. Admitted. Sea Island further avers that the United States Fish & Wildlife Service ("USFWS") did not recommend denial of the revised application which led to the Permit that is at issue in this litigation.

*Consultation with the National Marine Fisheries Service
and the U.S. Fish & Wildlife Service*

61-63. Admitted.

64. Sea Island admits that the original 2015 Biological Assessment noted that the project as originally proposed did not include an offshore borrow area; Sea Island denies the remaining allegations of Paragraph 64. Sea Island further avers that a "Supplemental Biological Assessment and Essential Fish Habitat Assessment" was submitted in connection with the revised application in March 2018, which fully addressed issues relating to offshore dredging.

65. Sea Island admits that the original 2015 Biological Assessment noted that the project was of limited size; Sea Island denies the remaining allegations of Paragraph 65. Sea Island

further avers that a "Supplemental Biological Assessment and Essential Fish Habitat Assessment" was submitted in connection with the revised application in March 2018, which fully addressed issues relating to the increased size of the beach nourishment project.

66. Sea Island admits that the USFWS and the National Marine Fisheries Service ("NMFS") concurred with the effects determination on the 1,200-foot portion of the project; Sea Island denies the remaining allegations of Paragraph 66.

*Sea Island's Revised Permit Application*

67. Admitted.

68. Sea Island admits that two major hurricanes, Matthew and Irma, severely eroded the beach and dunes in the area of The Reserve and further south.

69. Admitted.

70. Sea Island admits that on March 6, 2018, it submitted a Supplemental Project Description, adding offshore dredging of between 1,315,000 and 2,500,000 cubic yards of sand and placement of beach nourishment sand along up to 17,700 linear feet of shoreline, in addition to the original request to construct a new groin. Sea Island denies the remaining allegations of Paragraph 70.

71. Sea Island admits that the Supplemental Project Description proposed use of a hydraulic cutterhead dredge to dredge the offshore sand and admits that an onshore sand source would not be sufficient for the revised beach nourishment project. Sea Island denies the remaining allegations of Paragraph 71.

72. Sea Island admits that the Supplemental Project Description also proposed periodic recycling and management of the renourished beach, as appropriate. Sea Island denies the remaining allegations of Paragraph 72.

73. Admitted. Sea Island further avers that neither the Plaintiffs nor any other responder submitted any comment opposing the offshore dredging with cutterhead dredge or the nourishment of the beach.

74. Sea Island admits that the Plaintiffs filed comments regarding the October 2015 application and the March 2018 Supplemental Project Description; Sea Island denies that Plaintiffs commented on the direct, indirect, or cumulative impacts of the offshore dredging or beach nourishment aspects of the proposed project, and further denies any remaining allegations of Paragraph 74.

75-76. Denied.

*The Supplemental Biological Assessment*

77. Admitted.

78. Sea Island admits that the 2018 Supplementary Biological Assessment and Essential Fish Habitat Assessment, based on a careful review of all impacts, concluded that "all potential effects from the project are discountable, insignificant, or beneficial, and therefore the proposed action is not likely to adversely affect listed species in the project area."

79. Sea Island admits the first sentence of Paragraph 79. Sea Island admits that the second and third sentences in Paragraph 79 quote from the referenced letter but further avers that the selective quotes, out of context, do not accurately convey the import of the letter. The letter is in the Administrative Record and speaks for itself.

80. Sea Island admits that the first sentence in Paragraph 80 quotes from the referenced letter but further avers that the selective quote, out of context, does not accurately convey the import of the letter. Sea Island denies the remaining allegations of Paragraph 80. The letter is in the Administrative Record and speaks for itself.

81. Sea Island admits that the Corps concluded that no additional formal consultation with NMFS was necessary. Sea Island denies the remaining allegations of Paragraph 81.

*The Permit and the NEPA Documents*

82-83. Denied.

84. Sea Island admits the Environmental Assessment concluded there would be no significant impact from the project. Sea Island denies the remaining allegations of Paragraph 84.

## LEGAL FRAMEWORK

### Clean Water Act

85-95. Paragraphs 85 through 95 consist of conclusions of law to which no response is required.

### National Environmental Policy Act

96-104. Paragraphs 96 through 104 consist of conclusions of law to which no response is required.

### Endangered Species Act

105-108. Paragraphs 105 through 108 consist of conclusions of law to which no response is required.

## STANDARD OF REVIEW

109-115. Paragraphs 109 through 115 consist of conclusions of law to which no response is required.

## CLAIMS FOR RELIEF

A. **Claim One: The Corps violated the Clean Water Act and the APA by issuing the Permit when there is a less environmentally damaging practicable alternative to the project and by improperly limiting the "purpose and need" of the project.**

116. Sea Island incorporates by reference its responses to the allegations contained in the preceding paragraphs.

117-118. Paragraphs 117 through 118 consist of conclusions of law to which no response is required.

119-121. Denied.

B. **Claim Two: The Corps violated the Clean Water Act and NEPA by failing to adequately evaluate the cumulative impacts of the authorized project.**

122. Sea Island incorporates by reference its responses to the allegations contained in the preceding paragraphs.

123-125. Paragraphs 123 through 125 consist of conclusions of law to which no response is required.

126-127. Denied.

C. **Claim Three: The Corps violated NEPA and the APA by failing to take a "hard look" at the environmental consequences of the proposed action and by failing to prepare an Environmental Impact Statement.**

128. Sea Island incorporates by reference its responses to the allegations contained in the preceding paragraphs.

129. Paragraph 129 consists of conclusions of law to which no response is required.

130-131. Denied.

132. Sea Island states that the Federal Register speaks for itself and Paragraph 132 requires no response from Sea Island.

133-136. Denied.

**D.     Claim Four: The Corps violated the Clean Water Act and the APA by issuing a permit for a structure that would create undue interference with access to and use of public tidelands.**

137.   Sea Island incorporates by reference its responses to the allegations contained in the preceding paragraphs.

138.   Paragraph 138 consists of conclusions of law to which no response is required.

139-141.   Denied.

**E.     Claim Five: The Corps violated the Endangered Species Act and the Administrative Procedure Act by failing to adequately consult with NMFS and the FWS regarding the project.**

142.   Sea Island incorporates by reference its responses to the allegations contained in the preceding paragraphs.

143.   Sea Island admits that the Piping Plover has critical habitat adjacent to the project area. Sea Island further admits that the National Recovery Plan for the Northern right whale, dated 1991, designates the shallow waters from Savannah, Georgia, south to Cape Canaveral, Florida, as the wintering ground for the Atlantic right whale. Sea Island denies the remaining allegations of Paragraph 143 as stated.

144.   Sea Island admits that the Corps determined that the authorized activities may affect but were unlikely to adversely affect certain species. Sea Island denies the remaining allegations of Paragraph 144 as stated.

145.   Sea Island admits that the NMFS received a letter from the Corps on October 10, 2017, requesting consultation pursuant to Section 7 of the Endangered Species Act. Sea Island denies the remaining allegations of Paragraph 145 as stated.

146. Sea Island admits that by a letter dated October 19, 2017, NMFS stated that the potential project effects to listed species were found to be discountable, insignificant, or beneficial. NMFS further concluded that the proposed action was not likely to affect listed species under NMFS's purview. Sea Island denies all remaining allegations contained in Paragraph 146 as stated.

147-148. Admitted.

149. Sea Island denies the allegations in Paragraph 149 as stated.

150. Sea Island admits that certain Conservation Groups provided written notice by letter dated October 31, 2018. Sea Island further states that the notice speaks for itself and requires no response from Sea Island.

151. Sea Island denies that it has failed to comply with the Endangered Species Act. In further response, neither the Corps nor NMFS was required to take any action because Sea Island was and is in compliance with the Endangered Species Act. Sea Island denies the remaining allegations of Paragraph 151 as stated.

152. Denied.

F. **Claim Six: The Corps violated NEPA, the Clean Water Act, and the APA by failing to take adequate steps to minimize or mitigate the adverse impacts of the project.**

153-154. Paragraphs 153 through 154 consist of conclusions of law to which no response is required.

155-156. Denied.

## **PRAYER FOR RELIEF**

Sea Island denies Plaintiffs are entitled to any of their Prayers for Relief.

## **AFFIRMATIVE DEFENSES**

### *First Affirmative Defense*

The Amended Complaint should be dismissed for failure to state a claim upon which relief can be granted.

### *Second Affirmative Defense*

The Amended Complaint should be dismissed because Plaintiffs lack standing to raise some or all of their claims.

### *Third Affirmative Defense*

Plaintiffs have failed to exhaust their administrative remedies on issues not presented to the Corps of Engineers during the public notice and comment process.

### *Fourth Affirmative Defense*

The Amended Complaint should be dismissed because the Permit was issued in compliance with all applicable substantive and procedural requirements.

WHEREFORE, Sea Island denies that Plaintiffs are entitled to any relief whatsoever and prays for judgment as follows:

A.    Dismissing Plaintiffs' Amended Complaint for Declaratory and Injunctive Relief with prejudice;

B.    Awarding Sea Island its costs for defending this action, including reasonable attorneys' fees; and

C.  Such other and further relief that this Court deems just and proper.

Respectfully submitted, this 25th day of February, 2019.

| **HALL BOOTH SMITH, P.C.** | **KING & SPALDING LLP** |
|---|---|
| /s/ *James B. Durham, Esq.* | PATRICIA T. BARMEYER |
| JAMES B. DURHAM | Georgia Bar No. 038500 |
| Georgia Bar No. 235526 | RANDY J. BUTTERFIELD |
| STEPHANIE R. McDONALD | Georgia Bar No. 100120 |
| Georgia Bar No. 274946 | 1180 Peachtree Street NE |
| 3528 Darien Highway, Suite 300 | Atlanta, Georgia 30309-3521 |
| Brunswick, Georgia 31525 | Phone: (404) 572-4600 |
| Phone: (912) 554-0093 | Fax: (404) 572-5137 |
| Fax: (912) 554-1973 | Email: *pbarmeyer@kslaw.com* |
| Email: *jdurham@hallboothsmith.com* | *rbutterfield@kslaw.com* |
| *smcdonald@hallboothsmith.com* | |

*Attorneys for Intervenor Defendant Sea Island Acquisition, LLC*

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| ALTAMAHA RIVERKEEPER, ONE HUNDRED MILES, and SURFRIDER FOUNDATION,<br><br>    Plaintiffs,<br><br>v.<br><br>THE UNITED STATES ARMY CORPS OF ENGINEERS, et al.,<br><br>    Defendants,<br><br>and<br><br>SEA ISLAND ACQUISITION, LLC,<br><br>    Intervenor Defendant. | CIVIL ACTION NO.<br>4:18-cv-00251-JRH-JEG |

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing **Answer of Sea Island Acquisition, LLC to Amended Complaint for Declaratory and Injunctive Relief** with the Clerk of Court for the United States District Court for the Southern District of Georgia by using the CM/ECF system, which will send a notification of such filing to the following attorneys of record:

William W. Sapp, Esq.
Megan Hinkle Huynh, Esq.
Bob Sherrier, Esq.
**Southern Environmental Law Center**
*Attorneys for Plaintiffs*

Kimberly A. Sturm, Esq.
**Weissman, PC**
*Attorney for Plaintiffs*

Martha C. Mann, Esq.
Dedra S. Curteman, Esq.
Bradford C. Patrick, Esq.
**United States Department of Justice**
*Attorneys for Federal Defendants*

This 25th day of February, 2019.

3528 Darien Highway, Suite 300
Brunswick, Georgia 31525
Phone: (912) 554-0093
Fax:   (912) 554-1973
Email: *jdurham@hallboothsmith.com*
        *smcdonald@hallboothsmith.com*

**HALL BOOTH SMITH, P.C.**

  */s/ James B. Durham, Esq.*
JAMES B. DURHAM
  Georgia Bar No. 235526
STEPHANIE R. McDONALD
  Georgia Bar No. 274946
*Attorneys for Intervenor Defendant*
*Sea Island Acquisition, LLC*